## FRANK MATTHEWS v. STATE.

No. A-6881.   Opinion Filed Nov. 2, 1929.
(282 Pac. 180.)

Frank B. Grant, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

EDWARDS, P. J.   The plaintiff in error, hereinafter called defendant, was convicted in the county court of Kay county on a charge of transporting whisky, and was sentenced to serve 30 days in the county jail and to pay a fine of $50.

The record discloses that at the time charged two policemen, about 2:30 in the afternoon, stopped defendant, who was driving an automobile, and one of them got in the car with him and directed him to drive to the police station.   On the way there he discovered in the shirt or pocket of defendant a pint of whisky.   Before entering upon the trial, defendant filed a motion to suppress this evidence as obtained by an unlawful search, which was overruled.   The state's witnesses testified as follows:

"Q. What was the defendant doing when you flagged him down?   A. Driving along.

"Q. Was he driving reckless?   A. No, sir.

"Q. Was he drunk? A. No, sir.

"Q. Did he violate any law in your presence? A. No, sir.

"Q. You just flagged him down? A. Yes, sir.

"Q. And he stopped? A. Yes, sir.

"Q. You told him to come along to the police station? A. Yes, sir. I told him to come and get in our car and come to the police station.

"Q. Did you have a warrant of arrest? A. Not with me then, no, sir.

"Q. Did you serve a warrant on the defendant telling him that he was arrested? A. No.

"Q. For any particular crime? A. No. I didn't have a warrant at that time. * * *

"Q. And you took him down to the police station? A. Yes, sir.

"Q. Did you serve him with a warrant down at the police station? A. No, sir.

"Q. Did any other officer serve him with a warrant? A. Not that I know of.

"Q. Was he arrested down there for any particular charge but this charge? A. Not that I know of.

"Q. You just took him upstairs and put him in jail? A. Just took him upstairs, yes, and put him in. * * *"

The defendant was a married man with a family. From the record it does not appear that there was even any suspicion that defendant was violating any law. He was simply driving along the street like any ordinary citizen. The stopping of him on the street in the manner shown by the record was not a legal arrest. The right of a peace officer to arrest without a warrant is limited to the grounds enumerated in section 2471, Comp. St. 1921,

and sections immediately following. Except as authorized by these statutes, an arrest without a warrant is illegal. 5 C. J. Arrest, § 23, pp. 395, 396, and authorities cited.

The taking a pint of whisky from the person of defendant was in violation of the Constitution and statutes prohibiting unreasonable searches. Skinner v. State, 44 Okla. Cr. 271, 280 Pac. 851.

The case is reversed and remanded.

DAVENPORT and CHAPPELL, JJ., concur.