E. B. HEINZMAN v. STATE.

No. A-6948. Opinion Filed Dec. 7, 1929.
(283 Pac. 264.)

306

William H. Lewis, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, P. J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of Oklahoma county on a charge of having the illegal possession of narcotics, and his punishment fixed at a fine of $500.

The record discloses that at the time charged John Davis, a police officer of Oklahoma City, approached defendant where he was sitting in a barber shop and said to him, "Get up, Heinzman, I want you," and as defendant arose the officer reached into his shirt pocket and took out a jar of opium.   The record further discloses that just a few minutes before this Davis had been informed that defendant had a package of opium which he was attempting

to sell, and defendant was pointed out to him by the person to whom he had attempted to make the sale. The contention is made that this evidence was not competent, as it was procured by an unreasonable search of the person of defendant.

It is further contended that the officer did not in fact make an arrest before searching defendant, and that even if he attempted to arrest defendant, he did not inform the defendant of his authority, and that his act, therefore, was illegal.

Section 2471, Comp. St. 1921, sets out the right of a peace officer to arrest without a warrant, as follows:

"A peace officer may, without a warrant, arrest a person:

"First. For a public offense, committed or attempted in his presence.

"Second. When the person arrested has committed a felony, although not in his presence.

"Third. When a felony has in fact been committed, and he has reasonable cause for believing the person arrested to have committed it."

Section 2474, Comp. St. 1921, provides:

"When arresting a person without a warrant, the officer must inform him of his authority and the cause of the arrest, except when he is in actual commission of a public offense, or is pursued immediately after an escape."

There is a wide distinction between the right to arrest without a warrant in felony and in misdemeanor cases. The law recognizes a greater urgency in felony cases. Thus an officer does not have a right to arrest without a warrant for a misdemeanor not committed in his presence, but contemplates that he shall procure a warrant

before making the arrest. Where a felony has been committed, however, though not in the presence of the officer, he may arrest without a warrant, or where a felony has been committed and the officer has reasonable cause for believing the person arrested to have committed it, or upon a charge based upon reasonable cause of the commission of a felony. Gaines v. State, 28 Okla. Cr. 353, 230 Pac. 946.

After an arrest the search of the person is, of course, legal. No particular form of words is necessary to constitute an arrest; the officer testified that he knew defendant, that defendant knew him, and had known him for a good while. Defendant also testified that at the time he knew Davis was an officer. This being so, it was apparent that defendant knew he was being arrested. In the case of Roberson v. U. S., 4 Okla. Cr. 336, 111 Pac. 984, 985, it was said:

"* * * Section 1350 of the Indian Territory Statutes provided that 'the person making the arrest shall inform the person about to be arrested of the intention to arrest him, and the offense for which he is arrested,' and it is insisted that the attempted arrest was illegal because this provision of the statute was not complied with. There are many authorities to the effect that a compliance with such provision is not required where, as we are now assuming, the person about to be arrested knew the officer, knew that he was an officer, that he intended to arrest him, and where the person about to be arrested was then committing an offense in the officer's presence. Tiner v. State, 44 Tex. 128; Plasters v. State, 1 Tex. App. 673; Rex v. Howarth, 1 Moody C. C. 207; King v. State, 89 Ala. 43, 8 So. 120, 18 Am. St. Rep. 89; People v. Durfee, 62 Mich. 487, 29 N. W. 109; People v. Nash, 1 Idaho, 206; Rex v. Whithorne, 3 Car. & P. 394; Rex v. Payne, 1 Moody C. C. 378; Rex v. Davis, 7 Car. & P. 785; Shovlin v. Com., 106 Pa. 369; Com. v. Weathers,

7 Kulp (Pa.) 1; State v. McAfee, 107 N. C. 812, 12 S. E. 435, 10 L. R. A. 607; Wolf v. State, 19 Ohio St. 248. And we think the rule sound. * * * "

It is next contended that the court erred in his instructions to the jury and erred in refusing certain instructions requested by defendant. That is predicated on defendant's contention that there must have been proof of an intent on the part of defendant to violate the Narcotic Law, defendant having testified that he found the package of narcotics and did not know its contents. The law forbids the possession of narcotics. Section 8887, Comp. St. 1921. We do not hold that there may not be circumstances under which the possession of narcotics would not be a crime, but there is nothing in this case to bring it within the exception, if, indeed, there be an exception.

The case is affirmed.

DAVENPORT, J., concurs.

CHAPPELL, J., absent, not participating.