## T. D. WALLACE v. STATE.

No. A-7397. Opinion Filed Dec. 13, 1930.
Dissenting Opinion Dec. 17, 1930.
(294 Pac. 198.)

Waldrep & Haight, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

EDWARDS, P. J.   The plaintiff in error, hereinafter called defendant, was convicted in the county court of Pottawatomie county on a charge of transporting intoxicating liquor, and his punishment was fixed at a fine of $500 and imprisonment in the county jail for 90 days.

The record discloses a state of facts about as follows: Certain officers with a search warrant authorizing them to search a filling station operated by defendant went to the place and made a search.   They found nothing.   They then left and started back to Shawnee, and about two or three blocks from the filling station they met defendant driving a car.   They did not accost him, but turned and followed him east on Highland street some four or five blocks to his residence, where he had stopped by the side of his house.   They drove up beside him and asked permission to search his car, which he refused.   They then arrested and took him and the car to the police station and proceeded to procure a search warrant to search the car and found a quantity of whisky in the turtleback.

The officers do not testify that there was anything in the appearance or acts of defendant that led them to believe he was violating any law, nor that they had any probable cause, or that they even suspicioned he was transporting intoxicants. Their acts in arresting him so far as their testimony is concerned seem to have been wholly arbitrary. Mr. Budd, one of the officers, testified:

"Q. Mr. Budd, when you and the officers came up to where Mr. Wallace was in the car, and after he refused to let you search his car, you arrested him and took him to the station, the police station, is that correct? A. Yes, sir.

"Q. Put him in jail? A. Yes, sir.

"Q. And after that you say someone got out a search warrant for his car? A. Yes, sir. * * *

"Q. And Mr. Deister got in the car, you say, at the time you first found the defendant Wallace and brought him to the station? A. Yes, sir."

The testimony of the other officers is substantially the same. The court struck from the jury all testimony of the search of the filling station, but objection to the testimony and motion to strike the testimony of the finding of whisky in his automobile were overruled.

The authority of a peace officer to arrest without a warrant is fixed by section 2471, Comp. Stat. 1921. The right to arrest for misdemeanors is limited to arrest only for a public offense committed or attempted in the presence of the officer. The right to arrest for a felony, or upon charge of a felony, or upon reasonable cause to believe the person arrested to have committed a felony is much broader. Id. The procuring of a search warrant for the automobile of defendant after it had been seized, and after the unlawful arrest and incarceration of defendant, is but an aggravation of the matter, as it tends

to show that the officers who made the arrest knew it was illegal. For, if legal, they had the right without a warrant to search defendant and his immediate surroundings as an incident to the arrest. Washington v. State, 37 Okla. Cr. 415, 259 Pac. 150; Callahan v. State, 42 Okla. Cr. 425, 276 Pac. 494.

It is well settled that, if an arrest is unlawful, the incidental search of the person and immediate surroundings of the person arrested is likewise unlawful. Weeks v. U. S., 232 U. S. 383, 34 S. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177.

The courts are practically unanimous in holding that, where the officer does not know of the act constituting the offense, it is not committed in his presence. Graham et al. v. State, 31 Okla. Cr. 125, 237 Pac. 462; Whitford v. State, 35 Okla. Cr. 22, 247 Pac. 424; Coffey v. State, 38 Okla. Cr. 91, 258 Pac. 923; Hughes v. State, 145 Tenn. 544, 238 S. W. 588, 20 A. L. R. 639; Snead v. Bonnoil, 166 N. Y. 325, 59 N. E. 899; Snyder v. U. S. (C. C. A.) 285 F. 1.

The citizenship of this state is strongly committed to the principle of prohibition of the traffic in intoxicating liquor. It is in the Constitution by the voluntary act of the people in a state-wide referendum at the time of the adoption of the Constitution. The Legislature has clarified and supplemented the Constitution; but the Constitution and the law has preserved those fundamental rights of the citizen which protect him from unreasonable search and protect him from arrest on a mere suspicion that he has committed a misdemeanor.

Trafficking in intoxicating liquor is a damnable business. Zeal of the officers in enforcing this or any other law is commendable, but the limitations fixed by the stat-

ute on the authority to arrest without a warrant, and the constitutional guaranties against unreasonable searches, must not be destroyed, even though the intent in destroying them may be for a good purpose. Good intentions cannot supersede law. Those who would seek to enforce this law by unlawful means by overriding the fundamental rights and immunities of the citizen serve poorly the cause of prohibition. If officers without a warrant may search the citizen or his automobile, or if, by his refusal upon demand that he submit to such search, he may be unlawfully arrested and incarcerated and his automobile searched, what becomes of the provision of the law against unlawful arrest or the provision of the Bill of Rights against unlawful searches, article 2, § 30? If the arrest in this case and the subsequent search can be justified, any person, whether he be pedestrian or one operating an automobile, must either submit to search on demand of some petty officer, or be subject to unlawful arrest and subsequent search; then, if liquor be discovered, the search will be legal. Such is not the law; the guaranty against an unreasonable search applies as well to one justly suspected as to one unjustly suspected. U. S. v. Kaplan (D. C.) 286 F. 963; Garske v. U. S. (C. C. A.) 1 F. (2d) 620; Jokosh v. State, 181 Wis. 160, 193 N. W. 976; People v. Jakira, 118 Misc. Rep. 303, 193 N. Y. S. 306; State v. District Ct., 70 Mont. 191, 224 Pac. 862. To say the proceeding here complained of is illegal is putting it mildly. Boyd v. U. S., 116 U. S. 616, 6 S. Ct. 524, 29 L. Ed. 746; Amos v. U. S., 255 U. S., 313, 41 S. Ct. 266, 65 L. Ed. 654; U. S. v. Slusser (D. C.) 270 F. 818.

In the case of Carroll v. U. S., 267 U. S. 132, 45 S. Ct. 280, 285, 69 L. Ed. 543, 39 A. L. R. 790, sometimes relied upon to justify search without a warrant, Chief Justice Taft said:

"It would be intolerable and unreasonable if a prohibition agent were authorized to stop every automobile on the chance of finding liquor, and thus subject all persons lawfully using the highways to the inconvenience and indignity of such a search."

Upon a consideration of the whole case, it is clear that the arrest of defendant was illegal and the search of his person and automobile as an incident thereto illegal. The evidence thus obtained was not admissible.

DAVENPORT, J., concurs.

CHAPPELL, J. (dissenting). I cannot agree with the majority opinion in this case, for the reason that the officers had a legal right to arrest defendant.

The evidence of the state was that the officers procured a search warrant to search the defendant's filling station at 1001 East Highland, in Shawnee. They went to this filling station, but did not find the defendant there, and upon searching it found no liquor. The officers left the filling station and went two or three blocks and met the defendant in a car at the corner of Highland and Tucker streets, and followed him east on Highland four or five blocks; that defendant stopped his car on the east side of his residence at 1035 East Highland; that, when defendant refused to permit the officers to search his car, they arrested him and took him and his car to the police station, where they obtained a search warrant for the car, and upon its search they found concealed in the car a 10-gallon keg and a half-gallon fruit jar of whisky. The state introduced this through the witness F. A. Budd, without objection upon the part of the defendant. At the conclusion of the cross-examination of this witness, defendant moved to strike this evidence and take it away from the jury because it was obtained by an unlawful

search and seizure of his car. Defendant did not take the witness stand and makes only this technical defense.

The first question to be determined in this case is, Was the arrest of defendant illegal under section 2471, C. O. S. 1921, and the Constitution and laws of the United States, where he is suspected of the commission of a misdemeanor by a violation of the liquor laws? The majority opinion says yes.

To properly consider the question, it will be necessary to review the authorities:

Clause 2, art. 6, of the Constitution of the United States provides:

"This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding."

Section 1, art. 1, of the Constitution of Oklahoma provides:

"The State of Oklahoma is an inseparable part of the Federal Union, and the Constitution of the United States is the supreme law of the land."

There is a marked contrast between these declarations of constitutional supremacy and the language of this court in the case of Gore v. State, 24 Okla. Cr. 394, 218 Pac. 545, wherein this court said:

"A rule of evidence established by the Supreme Court of the United States, relating to evidence illegally obtained by officers or agents of the court, by means of an illegal search and seizure, or against compelling an accused to be a witness against himself, is not binding on

state courts in cases relating to like seizures in violation of like provisions in state Constitutions, but will, in the interest of uniformity of decisions, be highly persuasive."

It is true that the principle of federal supremacy is obnoxious to many individuals, and sometimes even to the courts, yet the fact remains, nevertheless, that the Constitution and laws of the United States are supreme.

Cornelius on Search and Seizure, page 222, § 60, says:

"The Eighteenth Amendment to the Constitution of the United States prohibiting the manufacture, sale or transportation of intoxicating liquors, or the importation thereof into; or the exportation thereof from, the United States, for beverage purposes, being prohibited and by section 2, article 2 of the Constitution providing that the Constitution and the laws of the United States made in pursuance thereof * * * shall be the supreme law of the land, the courts have held that in order to have these sections harmoniously related, the national Legislature is paramount and the state law, when it conflicts, must yield" —citing Rhode Island v. Palmer, 253 U. S. 350, 40 S. Ct. 486, 588, 64 L. Ed. 946; United States v. Peterson (D. C.) 268 F. 864.

The Constitution of the United States being expressly made the supreme law of the land, and it being therein expressly provided that the judges in every state shall be bound thereby, and the state of Oklahoma having in section 1, article 1, supra, expressly agreed that the Constitution of the United States is the supreme law of the land, this court is bound by such Constitution and the laws passed by authority thereof and the interpretation placed thereon by the courts of the United States.

Paragraph 1 of the syllabus in the majority opinion is as follows:

"A peace officer may arrest without a warrant in the case of a misdemeanor only where it is committed or at-

tempted in his presence. (Section 2471, Comp. Stat. 1921.)"

In Carroll v. United States, 267 U. S. 132, at page 156, 45 S. Ct. 280, 286, 69 L. Ed. 543, 39 A. L. R. 790, Mr. Chief Justice Taft, speaking for the court, said:

"But we are pressed with the argument that if the search of the automobile discloses the presence of liquor and leads under the statute to the arrest of the person in charge of the automobile, the right of seizure should be limited by the common-law rule as to the circumstances justifying an arrest without a warrant for a misdemeanor. The usual rule is that a police officer may arrest without warrant one believed by the officer upon reasonable cause to have been guilty of a felony, and that he may only arrest without a warrant one guilty of a misdemeanor if committed in his presence. Kurtz v. Moffitt, 115 U. S. 487, 6 S. Ct. 148, 29 L. Ed. 458; John Bad Elk v. United States, 177 U. S. 529, 20 S. Ct. 729, 44 L. Ed. 874. The rule is sometimes expressed as follows:

" 'In cases of misdemeanor, a peace officer like a private person has at common law no power of arresting without a warrant except when a breach of the peace has been committed in his presence or there is reasonable ground for supposing that a breach of peace is about to be committed or renewed in his presence.' * * *

"The reason for arrest for misdemeanors without warrant at common law was promptly to suppress breaches of the peace (1 Stephen, History of Criminal Law, 193), while the reason for arrest without warrant on a reliable report of a felony was because the public safety and the due apprehension of criminals charged with heinous offenses required that such arrests should be made at once without warrant. * * * The argument for defendants is that as the misdemeanor to justify arrest without warrant must be committed in the presence of the police officer, the offense is not committed in his presence unless he can by his senses detect that the liquor is being transported, no matter how reliable his previous information

by which he can identify the automobile as loaded with it. * * *

"So it is that under the rule contended for by defendants the liquor if carried by one who has been already twice convicted of the same offense may be seized on information other than the senses, while if he has been only once convicted it may not be seized unless the presence of the liquor is detected by the senses as the automobile concealing it rushes by. This is certainly a very unsatisfactory line of difference when the main object of the section is to forfeit and suppress the liquor, the arrest of the individual being only incidental as shown by the lightness of the penalty. * * *

"The argument of defendants is based on the theory that the seizure in this case can only be thus justified. If their theory were sound, their conclusion would be. The validity of the seizure then would turn wholly on the validity of the arrest without a seizure. But the theory is unsound. The right to search and the validity of the seizure are not dependent on the right to arrest. They are dependent on the reasonable cause the seizing officer has for belief that the contents of the automobile offend against the law. * * *

"This conclusion is in keeping with the requirements of the Fourth Amendment and the principles of search and seizure of contraband forfeitable property; and it is a wise one because it leaves the rule one which is easily applied and understood and is uniform."

Thus it will be seen that under clause 2, art. 6, supra, and the authority of Carroll v. United States, supra, section 2471, C. O. S. 1921, relied upon by this court for the rule stated in paragraph 1 of the syllabus, is not in force in so far as it restricts the right of officers to arrest only where the misdemeanor is committed in their presence for a violation of the prohibition laws of the United States or the state of Oklahoma.

It may be contended that the authorities here cited have no application, except to cases arising in the federal court, and that, since this is a case under the state law, the majority opinion is correct. If this be so, then the language of clause 2, art. 6, supra, "shall be the supreme law of the land; and the judges in every state shall be bound thereby, any thing in the Constitution or laws of any state to the contrary notwithstanding" is wholly meaningless. The language of this section reaches not only the state and every state law, but it reaches the mouth and hand of every judge and ties them and binds them to declare void or inoperative any law of the state which contravenes "the supreme law of the land."

It is freely conceded that the officers of the state under section 2471, supra, may arrest for a misdemeanor only when it is committed in their presence, except in those cases where the Constitution of the United States and the laws thereof and the decisions of the Supreme Court of the United States provide otherwise. But since the Supreme Court of the United States in interpreting the Constitution and laws of the United States has said that the officer has the same right to make arrest for misdemeanors as for felonies where the same are violations of the Eighteenth Amendment and the laws enacted for the enforcement thereof, section 2471, supra, does not limit the right to arrest for liquor law violations.

I cannot agree with the majority opinion for another reason, namely, because under the facts as disclosed by the state's testimony the officers had a right to seize the car and search the same without a search warrant.

Shortly after the adoption of the Fourth Amendment to the Constitution of the United States, the Supreme Court of the United States began to make a distinction

292

between searching the home or place of business for that
which the defendant might lawfully possess and for the
search of vessels and other moving vehicles for that which
the defendant might not lawfully possess.

In Boyd v. United States, 116 U. S. 616, 6 S. Ct. 524,
528, 29 L. Ed. 746, that court said:

"The search for and seizure of stolen or forfeited
goods, or goods liable to duties and concealed to avoid
the payment thereof, are totally different things from a
search for and seizure of a man's private books and pa-
pers for the purpose of obtaining information therein
contained, or of using them as evidence against him. The
two things differ toto coelo."

In the case of Weeks v. United States, 232 U. S. 383,
34 S. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann.
Cas. 1915C, 1177, it was held that the court in a criminal
prosecution could not retain letters of the accused seized
in his house, in his absence, and without his authority, by
a United States Marshal without any warrant for his ar-
rest and none for the search of his premises, to be used as
evidence against him, the accused having made timely ap-
plication to the court for an order for the return of the
letters. Silverthorne Lumber Co. v. United States, 251
U. S. 385, 40 S. Ct. 182, 64 L. Ed. 319, 24 A. L. R. 1426;
Gouled v. United States, 255 U. S. 298, 41 S. Ct. 261, 65
L. Ed. 647.

On the other hand, the same court in Carroll v. United
States, supra, said:

"The Fourth Amendment has been construed, prac-
tically since the beginning of the government, as recog-
nizing a necessary difference between a search of a store,
dwelling house, or other structure in respect of which a
proper official warrant readily may be obtained and a
search of a ship, motor boat, wagon, or automobile for

contraband goods, where it is not practicable to secure a warrant, because the vehicle can be quickly moved out of the locality or jurisdiction in which the warrant must be sought. * * *

"The intent of Congress to make a distinction between the necessity for a search warrant in the searching of private dwellings and in that of automobiles and other road vehicles in the enforcement of the Prohibition Act is thus clearly established by the legislative history of the Stanley Amendment. Is such a distinction consistent with the Fourth Amendment? We think that it is. The Fourth Amendment does not denounce all searches or seizures, but only such as are unreasonable."

After a full discussion of this subject and the citation of numerous authorities, the court further says:

"Search without a warrant of an automobile, and seizure therein of liquor subject to seizure and destruction under the Prohibition Act, do not violate the Amendment, if made upon probable cause, i. e., upon a belief, reasonably arising out of circumstances known to the officer, that the vehicle contains such contraband liquor. * * *

"The seizure is legal if the officer, in stopping and searching the vehicle, has reasonable or probable cause for believing that contraband liquor is being illegally transported in it."

Under the Constitution and laws of the United States and the Constitution and laws of the state of Oklahoma, intoxicating liquor is contraband and is by the express provisions of the laws of Oklahoma declared not to be property.

The difficulty with the Criminal Court of Appeals is that it does not distinguish between the limitations imposed on search and seizure for those things which a man may legally possess and those things which he may not legally possess. This idea is best illustrated in the case of

Gore v. State, 24 Okla. Cr. 349, 218 Pac. 545, 548, where this court says:

"The claim that the character of the things seized in this case, being parts of a still, materials from which whisky could be made, * * * would bring this case within the exception above mentioned, as being within the same class as counterfeit coin, burglars' tools, and implements of gambling, cannot be sustained for two reasons: First, because whatever their classification may be, they were not seized according to law; and, second, because it is manifest from this record that the purpose of the seizure was not to condemn or destroy the property, as provided by our prohibitory liquor law, but was solely for the purpose of introducing the articles in evidence."

The authority cited to support the rule laid down in Gore v. State, supra, is the case of Gouled v. United States, 255 U. S. 298, 41 S. Ct. 261, 65 L. Ed. 647, but the facts in that case were that the officers seized the private papers of the defendant, which he had a legal right to have, for the purpose of using them as evidence against him. The court nowhere held in that case that the articles seized which were unlawful for the defendant to have, and which might be used as evidence against him, could not be legally seized under circumstances like the case at bar, without a search warrant.

It was proper for the Criminal Court of Appeals to follow Gouled v. United States, supra, so far as the same applied to the articles which a person might legally have, but the case was no authority when applied to the seizure of intoxicating liquors.

Another illustration is found in the case of Childress v. State, 31 Okla. Cr. 208, 238 Pac. 218, wherein this court said:

"To make arrest and seizure without warrant, under Comp. St. 1921, § 7014, there must be violation of pro-

hibitory liquor laws in presence of arresting officers, and conviction must be reversed, if evidence procured by officer by means of unauthorized search and seizure is admitted over objections of the accused."

The facts in the Childress Case were that the officers met the defendants in the road and stopped their car; that one of the defendants jumped out of the car and ran around behind the car and broke a jug containing whisky over the back of the car; the officer followed him around the car and picked up the broken jug after he had cast it away from him and found some liquor yet remaining in the broken jug.

In Carroll v. United States, supra, the opinion was rendered March 2, 1925. The opinion in the Childress Case was rendered July 15, 1925. In the Childress Case this court not only neglected to follow the rule laid down in Carroll v. United States, supra, but actually enunciated a rule diametrically opposed to it. It was not even "persuasive."

My criticism of the majority opinion in the case at bar is that it takes no account of the exception laid down in Carroll v. United States, supra, and goes back and recognizes the rule laid down in Childress v. State, supra.

Both Gore v. State, supra, and Childress v. State, supra, are in direct conflict with the Constitution and the laws of the United States and the decisions of the Supreme Court of the United States and this court ought now to correct the error made in those cases and go back and follow the more sane and reasonable rule enunciated in Carroll v. United States, supra.

This court has said in Gore v. State and Childress v. State that the officers must not make a search without a valid search warrant. In the case at bar the officers,

in an honest attempt to meet the requirements laid upon them by court, detained the defendant, and out of an abundance of caution obtained a search warrant for the car. This court now goes one step farther and says to every peace officer in this state, "Your hands are tied; unless you actually know there is liquor in the car you cannot detain the defendant while you get a warrant, but must let him alone," even though he gets beyond the jurisdiction of the officers and even outside of the state before you can possibly obtain the search warrant. Such a ruling ties the hands of the officers and destroys the right to search a moving vehicle.

In the case at bar the court quotes from that part of Carroll v. United States, supra, which condemns the indiscriminate and unauthorized search of automobiles, in support of the majority opinion.

The question of indiscriminate search of automobiles without a search warrant is not in this case and the quotation is no authority for the court's holding. If the majority opinion accepted the rule laid down in that case, which says that officers possessing information that would cause an ordinarily prudent man to act, may search an automobile without a search warrant, then the case would have been affirmed, and it would not be necessary to file a dissenting opinion. But, since the majority opinion refuses to sustain the conviction, I can only enter my protest and announce the views stated herein.

For the reasons stated, I dissent from the majority opinion of the court.