### EDD MARPLE v. STATE.

No. A-7876.   Opinion Filed June 27, 1931.
(1 Pac. [2d] 836.)

Robinson & Oden, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J.   The plaintiff in error, hereinafter called defendant, was convicted   in the county court of Jackson county of transporting whisky, and was sentenced to pay a fine of $50 and to serve 30 days in the county jail.

The record discloses that at the time charged defendant was driving his car on the highway near the town of Headrick. A constable and town marshal of Headrick, in an automobile, passed the defendant, turned their car quartering across the road, and blocked their passage. Defendant stopped his car, and these officers advised him they wanted to search it. He consented, and they searched the back part of the car but found nothing, but, on attempting to look under some garment rolled up in front of the front seat defendant broke a jar containing some whisky which was wrapped up in the garment.

The contention is made that the search was illegal. The constable testified as follows:

" * * *Q. Did you have the defendant under arrest at the time you asked him to make the search? A. No, sir. * * * Q. So you decided he had some whisky? A. No. Q. You didn't think he had any? A. No, I figured he was going after some. * * * Q. And you parked your car sideways in the road? A. Yes, sir. * * *"

The town marshal testified:

"* * * Q. You didn't know whether Edd had any liquor? A. No, sir. Q. Did you suspicion it? A. Yes, sir. * * * Q. You kinda quartered your car across the road? A. Just a little bit. * * * Q. You stopped? A. Yes, sir. Q. And he stopped too? A. He kinda left the road and I run around in front of him. * * * Q. Then, you saw Mr. Booker go up to Edd, didn't you? A. Saw him go up to the car. Q. And he proceeded to search his car? A. Yes, sir; I seen him looking in. Q. You didn't hear any words? A. Not until Mr. Booker called for me. Q. What did he say? A. He said 'Come here.' Q. And you got your gun and run? A. Yes. * * *"

The defendant, after stating that he knew the constable and marshal and knew they were officers, testified:

" * * * Q. And did you figure it was obligatory to stop your car? A. Well, yes. * * * Q. Did you ever tell him he could search your car? A. No, sir; I never did. * * *"

The stopping and searching of defendant's car on a mere suspicion was illegal, and evidence obtained by such search inadmissible. Matthews v. State, 45 Okla. Cr. 110, 282 Pac. 180. A peace officer may arrest without a warrant for a misdemeanor committed or attempted in his presence. Section 2471, Comp. Stat. 1921. If the officer does not know of the commission of the offense, it is not committed in his presence within the meaning of the law.

The search cannot be justified on the ground that defendant gave his consent. Consent should be without duress, and it can hardly be said to be voluntary when known officers block the highway and with gun in hand ask permission to search a car. If defendant had committed a misdemeanor known to the officers or there was reasonable ground for apprehending the commission of a felony, a different situation would be presented.

The case is reversed.

DAVENPORT, P. J., and CHAPPELL, J., concur.