## E. F. McDONALD v. STATE.

No. A-8354. July 13, 1932.
(13 Pac. [2d] 213.)

Robert Burns and F. W. Church, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Ottawa county of transporting intoxicating liquor, and was sentenced to pay a fine of $500 and to serve six months in the county jail.

At the time charged an automobile driven by defendant and one driven by one Henry Austin had a collision. It does not appear, and is immaterial here, who, if any one, was to blame. A statement of the other party to the collision exonerating defendant from fault was offered in evidence, but was rejected. Soon after the collision, officers went to the scene, and Green, the deputy sheriff who arrested defendant, testified, in substance, he had no warrant, saw no violation of the law, and had no suspicion of the commission of any felony; that defendant was arrested for the purpose of investigating the collision and, after the arrest, defendant's car was searched and some whisky and beer found under the back seat.

The contention is made that the arrest was unlawful, the subsequent search of the automobile in violation of defendant's constitutional rights, and the evidence obtained thereby inadmissible. The right of a peace officer to arrest without a warrant is limited to the grounds enumerated in section 2471, Comp. Stat. 1921, and sections immediately following. Except as authorized by these statutes, an arrest without a warrant is illegal. Graham

et al. v. State, 31 Okla. Cr. 125, 237 Pac. 462; Condron v. State, 31 Okla. Cr. 130, 237 Pac. 465; Taylor v. State, 36 Okla. Cr. 431, 255 Pac. 157; Matthews v. State, 45 Okla. Cr. 110, 282 Pac. 180; Wallace v. State, 49 Okla. Cr. 281, 294 Pac. 198, 199.

In the latter case it was said:

"It is well settled that, if an arrest is unlawful, the incidental search of the person * * * arrested is likewise unlawful. Weeks v. U. S., 232 U. S. 383, 34 S. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177."

Upon a consideration of the entire record, we are satisfied the arrest of defendant was without authority of law. The search of the automobile not being incidental to a lawful arrest, the evidence obtained thereby was inadmissible.

The case is reversed and remanded, with instructions to dismiss.

DAVENPORT, P. J., and CHAPPELL, J., concur.