MRS. FRANCES SEIGLER et al. v. STATE.

No. A-8381.   Oct. 27, 1932.
(15 Pac. [2d] 1048.)

L. M. Gensman and J. F. Thomas, for plaintiffs in error.

J. Berry King, Atty. Gen., and Gus Rinehart, for the State.

CHAPPELL, J.   Plaintiffs in error, hereinafter called defendants, were convicted in the district court of Comanche county of the crime of arson by the burning of a certain building with intent to defraud the Springfield Fire & Marine Insurance Company, and, the jury being unable to agree upon their punishment, the court sentenced Frances Seigler to one year in the penitentiary, and Morris Seigler to two years in the penitentiary.

Defendants contend that the cause should be reversed because the court erred in permitting E. G. Cooper, Assistant State Fire Marshal, over their objection, to testify for the state to conversations he had with defendant's wife relative to the offense with which defendant, her husband, was accused, partly in his presence and partly in his absence.

This witness testified to alleged incriminating admissions made by defendant's wife to witness covering her husband's connection with the offense.   He was also permitted to testify that he told defendant's wife:

"I told her she was not going to get him into any trouble if she would tell me the truth about everything."

He was also permitted to testify that he told defendant, her husband, "Morris, the best thing for you to do is to tell me the truth."   He was also permitted to testify in narrative form to conversations with other people, in the absence of defendant, and to opinions of his own with respect to the effect of what defendant said and did, all of which was incompetent and highly prejudicial.

The rule is that third persons may testify to communications had between husband and wife, overheard by such third persons. Steeley v. State, 17 Okla. Cr. 252, 187 Pac. 821.

The rule is also well established in this state that a third person may not testify to conversations had with a husband or wife in the presence or absence of the other, concerning an offense alleged to have been committed by the other. This evidence is held to be incompetent upon two grounds: First, that the husband or wife may not be a witness against the other, except for an offense committed against the one testifying; that, since the wife or husband is incompetent to testify against the other, the rule may not be evaded by permitting a third person to testify to conversations or admissions made by the husband or wife where the other is charged with crime; second, because such evidence is hearsay. Hildebrandt v. State, 22 Okla. Cr. 58, 209 Pac. 785; Jenkins v. State, 28 Okla. Cr. 249, 230 Pac. 293.

The witness Cooper being a state employee and connected with the State Fire Marshal's office at the time the offense was committed, naturally his opinions and the manner in which he was permitted to testify would have great influence with the jury and tend to prejudice the rights of the defendants.

The cause is therefore reversed as to both defendants.

DAVENPORT, P. J., and EDWARDS, J., concur.