# CECIL GRAGG v. STATE.

No. A-9533.  May 5, 1939.
(90 P. 2d 454.)

Tant & Flinn, of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for the State.

DAVENPORT, J.  The defendant Cecil Gragg was by information charged with the unlawful transportation of one pint of whisky from a point unknown to a point commonly known and designated as the Hales Building, Oklahoma City, Okla., was tried by the court, found guilty

and sentenced to pay a fine of $50 and be imprisoned in the county jail for a period of 30 days, and appeals.

Before the case was called for trial, the defendant moved to suppress the state's evidence for the reason that the officers searching the defendant had no warrant to search his person or property and had no warrant for his arrest; and the defendant was not violating any law in the presence of the officers that could be seen by them.

The motion to suppress was overruled, and the defendant duly excepted. It was agreed by both the defendant and the state that the evidence taken on the motion to suppress be used in the trial of the case, and the court passed upon that testimony and found the defendant guilty.

The only question that it is deemed necessary to consider in this case is the question of the search of the defendant.

The defendant in his petition in error assigns the following errors:

"1. The arrest of this defendant by the deputy sheriff was without just cause or provocation, that said deputy sheriff at the time of making said arrest did not have a search warrant, and that the evidence procured by said arrest was not given with consent of this defendant.

"2. The said search and seizure was unlawful and without authority of law.

"3. The said defendant at the time of said arrest was not violating the law, and the evidence so obtained was not apparent.

"4. That the judgment is not sustained by the evidence and by the law."

It is only deemed necessary to consider the second assignment of error, and that is that the said search and seizure was unlawful and without authority of law.

The defendant testifying on his motion to suppress states that at the time of his arrest he had started to enter

the Hales Building on Robinson street in the city of Oklahoma City.

"I was not disturbing the peace, fighting any one or doing anything except starting to enter the building. Mr. Kean, a deputy sheriff, was near the building, and he stopped me and asked me to come and go with him, and Deputy Kean took me across the street to where Mr. Agee was sitting in a car. They did not have a search warrant, nor did they have any warrant for my arrest. I did not discuss with Mr. Kean as to whether or not I was still working for Mr. Sanford. Mr. Agee told me to come and go with him, and he brought me down here, and he filed a charge."

Dan Kean, a deputy sheriff, stated he saw the defendant at the Hales Building:

"The defendant had a conversation with me and, also, with Mr. Agee. I said, 'Hello, Cecil,' when I saw him going in the building. As he started in the building I asked him where he was going, and he told me he was going up in the Hales Building to deliver a pint of whisky. I asked him if he was still working for Sanford, and he said he was, and I said, 'Let's go over and talk with Agee.' So we walked on down the street and got in the car and talked to Agee. I asked him if he had the whisky, and he gave it to me after we got in the car. I did not stop him before he told me he was delivering a pint of whisky. I did not know whether he was delivering whisky or not. At the time I first spoke to him, he was not doing anything out of the way so far as I know. I did not have a warrant for his arrest, nor did I have a search warrant to search his person. I talked to him and told him to come and go along with me, and said, 'Let's go over and talk to Agee.' Agee is also a deputy sheriff."

The motion of the defendant to suppress the evidence was by the court overruled, and the defendant duly excepted.

The only question deemed necessary to consider in this case is the question of the arrest and search of the defendant.

The deputy sheriff, who claims that he stopped the defendant as he was about to enter the Hales Building, admitted that he had no warrant for his arrest or to search his person, and tries to avoid his unlawful act of arresting the defendant, and taking him over to Agee by saying that the defendant told him he was going to deliver a pint of whisky.

In this case the defendant at the time he entered the Hales Building was not violating any law in the presence of the officer that could be seen by the officer. He was peaceably, according to his testimony, on his way going into the Hales Building. Mr. Kean, the deputy sheriff, stopped the defendant, and engaged, as he says, in a conversation with reference as to for whom he was working, and then took the defendant into custody, and they went over to the car where another deputy, Mr. Agee, was sitting. It is true the officer undertook to say that he suggested to the defendant that they go over there. The facts show that Mr. Kean, the deputy sheriff, stopped the defendant without any authority of law, and took him across the street to Agee before they compelled him to deliver any whisky to them, if he had any whisky on his person.

The defendant said he had no such conversation as stated by the Deputy Kean; but if he had had the conversation, that conversation would not warrant the officer in taking him into custody and taking him over to the car where Deputy Agee was, and there forcing him to hand over the pint of whisky that he had somewhere on his person.

This question has been before this court on many occasions, and it is, indeed, surprising that the officers of the law will ignore the law and make an unlawful arrest, and searched the defendant in this case. Of course, he would not resist the officers and be placed in the attitude of resisting an officer. When he was taken into custody, he naturally submitted and went with Deputy Kean to

where Deputy Agee was, and there they took the pint of whisky off of his person or compelled him to deliver it to them.

Section 2780, O. S. 1931, O. S. A., title 22, § 196, in part reads as follows:

"A peace officer may, without a warrant, arrest a person:

"1. For a public offense, committed or attempted in his presence."

The information in this case is a misdemeanor and punishable only by a fine and/or imprisonment in the county jail, and is therefore not a felony under our statutes. The officers would have no lawful right to arrest the defendant without a warrant unless the offense was committed or attempted in their presence.

In Keith v. State, 30 Okla. Cr. 168, 235 P. 631, this court stated:

"No search of the person or seizure of any article found thereon can be made on mere suspicion that the person is violating the prohibitory liquor laws in having intoxicating liquor in his possession, or without a search warrant, unless and until the alleged offender is in custody under a warrant of arrest, or shall be lawfully arrested without a warrant as authorized by law."

In this case it is admitted by all parties that they had no search warrant to search the defendant, and no warrant for his arrest. The arrest of the defendant was by the officers in this case made without any lawful authority.

It cannot be said that the criminal offense is committed in the presence of an officer unless the actions constituting the offense became known to him at the time they are committed through the sense of sight or the senses. Although a defendant may actually be committing a criminal offense, it is not committed in the presence of an officer where the officer did not know it, and where

the officer did not observe and have cognizance of the acts constituting the offense by the use of his senses, it cannot be committed in his presence, so as to authorize arrest without a warrant.

This question is ably discussed and decided adversely to the officer making the search and arrest in State v. Pluth, 157 Minn. 145, 195 N. W. 789; Hughes v. State, 145 Tenn. 544, 238 S. W. 588, 20 A. L. R. 639.

In State v. Pluth, supra, the court in part said [157 Minn. 145, 195 N. W. 792]:

"The fact that defendant was transporting liquor not being discoverable without a search, the offense of transporting it was not committed in the presence of the officers, and they had no authority to arrest him therefor without a warrant, and the search was unlawful because made without a warrant and not as an incident to a lawful arrest." 2 R.C.L. 467, par. 25.

In Basset v. State, 34 Okla. Cr. 370, 246 P. 654, in the syllabus this court said:

"In a prosecution for unlawfully transporting intoxicating liquor, defendant cannot be convicted upon evidence obtained by an unlawful search of his person without a warrant for his arrest, and neither the liquor so seized nor the evidence of the possession thereof so acquired is admissible against him."

In Whitford v. State, 35 Okla. Cr. 22, 247 P. 424, this court stated in the first syllabus:

"Where the offense is not a felony, an officer cannot arrest without a warrant, unless the offense was committed or attempted in his presence."

In the second paragraph of the syllabus the court stated:

"Where the officer does not know of the act constituting the offense, it is not committed in his 'presence.' "

The undisputed facts in this case show that the officer took the defendant into custody as he was entering the

Hales Building in the city of Oklahoma City, Okla., without having any authority under the law to do so. After he had taken the defendant into custody, he took him across the street where another deputy sheriff was, and they put him in the car, asked him about the whisky, and took a pint of whisky from off his person. The stopping of the defendant as he was starting to enter the building, and the taking him into custody, and taking him across the street, and having him surrender a pint of whisky that he had concealed somewhere about his person, was an unlawful arrest, and the pint of whisky seized was an unlawful seizure.

The motion of the defendant in this case to suppress the evidence, and his objection to the introduction of it against him, was well taken, and should have been sustained.

There was no competent evidence introduced against the defendant. All the evidence procured by the arrest and search of the defendant was unlawfully procured.

And the court erred in refusing to sustain his motion to suppress the evidence.

There being no competent evidence to sustain the conviction in this case, the judgment of the court is reversed, with directions to discharge the defendant.

DOYLE, P. J., and BAREFOOT, J., concur.