BUDDIE BARNETT v. STATE.

No. A-9742.   Jan. 7, 1941.
(109 P. 2d 243.)

James W. Flinn, of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for defendant in error.

JONES, J. The defendant, Buddie Barnett, was by information charged on April 15, 1938, in the common pleas court of Oklahoma county with the offense of unlawful possession of intoxicating liquor, tried, convicted, and sentenced to serve a term of 30 days in the county jail and pay a fine of $50 and costs, from which judgment and sentence he has appealed to this court.

The defendant assigns as error the court's refusal to sustain his motion to suppress the evidence as having been illegally obtained.

Officer Kolb testified that he saw the defendant twice the night of his arrest, once on Ninth street and later at the police station. The officer searched, without a search warrant, a car which defendant had rented and seized a quantity of whisky.

Defendant stated that he had the whisky locked in the turtleback of the car.

"I was walking down the street and a couple of detectives stopped me down there and started talking to me and took me to the police station. They got me down to the police station, and they took all the keys and everything away from me and put me on up in the investigation cell, and after a while Mr. Kolb came up there and called me out and said he had found my whisky up there, and he showed me the keys. I wouldn't claim it, and he showed me the keys, and then I told them, yes, that was mine."

Defendant was never served with a warrant.

In the case of McAfee v. State, 65 Okla. Cr. 65, 82 P. 2d 1006, the officers were searching certain property under a valid warrant when the defendant drove upon the premises in an automobile. The officers unlawfully searched the defendant and found nothing incriminating; however,

the defendant confessed that he had a load of liquor. The court held that the statement of the defendant, under the circumstances, was sufficient to constitute the commission of a misdemeanor in the presence of the officers and to justify an arrest and search.

In Gragg v. State, 66 Okla. Cr. 163, 90 P. 2d 454, 455, the defendant upon entering a public building was detained on suspicion by officers without a warrant. He admitted having a pint of whisky, which he turned over to them. This court held that error was committed by the trial court in refusing to sustain defendant's motion to suppress the evidence and discharge the defendant. It was stated:

"In a prosecution for unlawfully transporting intoxicating liquors, defendant cannot be convicted upon evidence obtained by an unlawful search of his person without a warrant for his arrest, and neither the liquor so seized nor the evidence of possession thereof so acquired is admissible against him."

In Leary v. State, 61 Okla. Cr. 298, 67 P. 2d 972, 973, this court held:

"It has been repeatedly held by this court that, where the offense is not a felony, an officer cannot arrest without a warrant unless the offense was committed or attempted in his presence, and that, where the officer does not know of the act constituting the offense, it is not committed in his presence." Wallace v. State, 49 Okla. Cr. 281, 294 P. 198; Coffey v. State, 38 Okla. Cr. 91, 258 P. 923; Whitford v. State, 35 Okla. Cr. 22, 247 P. 424; Graham v. State, 31 Okla. Cr. 125, 237 P. 462.

It is the settled doctrine of this state that, in order to make an arrest and seizure without a warrant under section 2640, O. S. 1931, 37 Okla. St. Ann. § 89, there must be a violation of the prohibitory liquor laws committed in the presence of the arresting officer, and a conviction must be reversed where evidence procured by an officer of

the court by means of an unauthorized search and seizure is admitted over the objections of the defendant. Childress v. State, 31 Okla. Cr. 208, 238 P. 218; Leary v. State, supra.

This court said in Keith v. State, 30 Okla. Cr. 168, 235 P. 631, 632:

"It cannot be said that the criminal offense is committed in the presence of an officer, unless the acts constituting the offense become known to him at the time they are committed, through his sense of sight or through other senses; although a person may actually be committing a criminal offense, it is not committed in the presence of an officer within the meaning of the statute, if the officer does not know it. And where the officer could not observe and become cognizant of the act constituting the offense by the use of his senses, it could not be committed in his presence so as to authorize an arrest without a warrant."

As the offense of possession of intoxicating liquor charged against the defendant is punishable only by a fine and imprisonment in the county jail and, therefore, not a felony under our statute, section 2627, O. S. 1931, 37 Okla. St. Ann. § 31, the officers could not lawfully arrest him therefor without a warrant, since the offense was not committed or attempted in their presence so as to authorize an arrest without a warrant.

It was stated in Wallace v. State, 49 Okla. Cr. 281, 294 P. 198:

"In a case of a lawful arrest, the arresting officer may search the person and immediate surroundings of the person arrested and may seize anything found upon his person or in his control which is unlawful for him to have, and anything so taken may be used as evidence against him at the trial. But, where the arrest is unlawful, the incidental search in connection therewith is likewise unlawful, and evidence secured by virtue of such unlawful arrest is not admissible."

Evidence procured by an illegal search and seizure, where timely objection is made, should be excluded. Parker v. State, 35 Okla. Cr. 196, 249 P. 432; Foster v. State, 25 Okla. Cr. 36, 218 P. 898.

This court held in Crossman v. State, 28 Okla. Cr. 198, 230 P. 291, 292:

"An officer has no more right to search the person of one suspected of the commission of a misdemeanor without a search warrant than he has to search his house." Klein v. State, 26 Okla. Cr. 173, 223 P. 201; Gore v. State, 24 Okla. Cr. 394, 218 P. 545.

In Dean v. State, 37 Okla. Cr. 396, 258 P. 812, 813, this court declared:

"A search which is unlawful when it begins is not made lawful by the discovery that an offense has been committed."

In Crossman v. State, supra, this court stated:

"The grave effects of promiscuous arrests and seizures on suspicion in misdemeanor cases would be productive of more evil than could be offset by the good flowing from the occasional apprehension of a law violator by such methods. If this were permitted, innocent persons would be subject to arbitrary arrest, search and seizure at any time and place; a condition not calculated to enhance the general welfare of the community.

"In this connection it should be remembered that a peace officer may arrest one on a well-founded suspicion for the commission of a felony, where a felony has in fact been committed, and the person has reasonable grounds to believe that the person arrested was the perpetrator. Officers should not lose sight of this distinction between the right to make arrests in felony and misdemeanor cases without a warrant."

The writer of this opinion is not at all in sympathy with the defendant in this case. Under his own testimony, he is a violator of the law, and as such should be punished.

However, the writers of both the State and United States Constitutions have inserted therein strict provisions against unlawful searches and seizures. The decisions of this court and the decisions of the federal courts have been unanimous in holding searches made under circumstances such as have been revealed in this case to be unlawful. No court, without violating his oath of office, could write an opinion holding other than that the search was unlawful in this case, in view of these constitutional provisions. This has been the holding of this court since statehood; and the peace officers of Oklahoma should be thoroughly familiar with this law. It would have been a simple matter for the officers herein to have procured a search warrant for the automobile which the defendant was using in this unlawful trade. When officers deliberately ignore the law and decisions of this court and make no effort to obtain a search warrant to make a search of property where they believe whisky is stored, it appears to this court that they are more interested in securing the whisky than in trying to punish the violator.

For the reasons hereinabove set forth, it is evident that the trial court committed error in not sustaining the defendant's motion to suppress the evidence.

This cause is accordingly reversed, and the defendant discharged.

DOYLE, P. J., and BAREFOOT, J., concur.