## MARIE E. DUFFEY v. STATE.

No. A-10335.   Nov. 29, 1944.

(153 P. 2d 629.)

Don Cameron, of Oklahoma City, for plaintiff in error.

Randell S. Cobb, Atty. Gen., Jess L. Pullen, Asst. Atty. Gen., and Lewis R. Morris, Co. Atty., of Oklahoma City, for defendant in error.

BAREFOOT, J.   Defendant, Marie E. Duffey, was charged in the court of common pleas of Oklahoma county with the crime of "maintaining a bawdy house"; was tried, convicted, sentenced to pay a fine of $100, and has appealed.

Defendant filed a motion to suppress the evidence, which was as follows (omitting the caption):

"Comes now the above named defendant, Marie E. Duffey, and respectfully moves the court to strike, reject and disallow all testimony of the prosecuting witnesses and arresting officers herein, for the following reasons, to wit:

"First: Because the search and seizure, and all evidence obtained by said officers, were in violation of the statutory and constitutional rights of this defendant, in this, to-wit: Said officers, without a search warrant, invaded the home of this defendant on Sunday, over the objection of defendant, and searched said home unlawfully, illegally and maliciously; there was no crime being committed or attempted to be committed in the presence of said officers, and said search was unlawful and illegal, and said officers, then and there, without a warrant and without sufficient, just or any provocation at all, in law, arrested this defendant and committed her to jail, and now prosecutes her in this action.

"Second: Defendant says the action of the officers was trespass, was without any legal excuse, or right and was contrary to the rights and privileges of this defendant under the Constitution of the United States, and the State of Oklahoma, and the statutes enacted in pursuance thereof.

"Wherefore, this defendant prays that all of said evidence, if any obtained, be quashed, suppressed, rejected and said cause dismissed."

And also filed a motion to abate, as follows:

"Comes now the defendant and moves the court to abate and quash this prosecution for the following reasons, to-wit:

"Because the arrest herein is for a misdemeanor; said arrest was made, without a warrant of arrest, and on a Sunday, and no crime was then and there being committed in the presence of said arresting officer, and said officers invaded the home and residence of this defendant, without a search warrant, or a warrant of arrest and on a

Sunday and made said arrest, all of which was illegal and unlawful."

A hearing was had on these motions prior to the trial of defendant. At this hearing the evidence of defendant was taken, and the court overruled the motions. Defendant contends that the overruling of the motions was error. Consideration of this question necessitates a brief statement of the facts.

The defendant, Marie E. Duffey, on the 1st day of February, 1942, operated a seven-room house located at 402 West Washington, in Oklahoma City, and had operated the same for over a year. The apartments, or rooms, were rented to different persons, and several girls, whom the evidence revealed were prostitutes, rented and occupied the rooms. One of them, Zoe Wright, testified in this case. She testified that her arrangement with the defendant was that she should pay her 50 cents for every "date" she had with a man. The arrangement was for another person to answer the telephone and make the "dates" for all of the girls. The witness and the defendant both had paid fines in municipal court upon numerous occasions. In some instances a cash bond had been posted, and the same forfeited for nonappearance. The record does not reveal the crime with which defendant was charged in these instances, but the inference is that it was for maintaining a bawdy house, or house of ill fame. The officers had searched the premises on numerous occasions, and the premises had the reputation of being a place where prostitution was carried on by the girls who rented the rooms.

Defendant denied that she was paid 50 cents or any other sum by the girls who had "dates" and who were occupying the premises.

The police officers had knowledge of the above conditions on the 1st day of February, 1942, and had known

of these conditions for a year prior thereto. On the above date these police officers went to the above-described premises for the purpose of arresting the defendant. From the record, it may be found that they had determined to arrest defendant, and in their language, "turn her to the county." They did not have a search warrant to search her premises, nor did they have a warrant for her arrest. Both the defendant and Zoe Wright, who occupied one of the rooms, were arrested and placed in the city jail, on Sunday, February 1, 1942. On Monday, February 2, 1942, the police officers went before the county attorney and Officer L. D. Arnold swore to an information charging the defendant with the crime of "maintaining a bawdy house." This information was filed in the court of common pleas of Oklahoma county on February 2, 1942, and a warrant issued for the arrest of the defendant, who was in the city jail, as above stated.

The above statement of the facts is a fair one, so far as the record is concerned. With reference to the motion to suppress the evidence, it may be stated that no evidence procured as a result of the officers entering the premises of defendant on Sunday, February 1, 1942, was offered by the state. Therefore, there was nothing to suppress.

The officers evidently did not intend to search the premises, but went there for the purpose of arresting the defendant and "turning her to the county." Under the law, as we have so often held, they did not have the right to enter the premises of defendant without a search warrant, or to arrest her without a warrant for the commission of a misdemeanor, unless a crime had been committed in their presence.

It has often been held by the courts that an officer may enter a house or premises without the necessity of

obtaining a search warrant, or warrant of arrest, where he hears or sees a disturbance therein, or where it is detected by his natural senses, and especially for the purpose of preventing a violation of the law, and as a result of such entrance he may make a lawful arrest after entering. But it has also been held that unless there be a reason, as above stated, that an officer cannot enter the private premises or residence of a citizen for the purpose of search without a warrant, or to arrest one without a warrant. Note 26 A.L.R. 286, and cases cited.

Title 22 O. S. 1941 § 196, with reference to when an officer may make an arrest without a warrant, is as follows:

"A peace officer may, without a warrant, arrest a person:

"1. For a public offense, committed or attempted in his presence.

"2. When the person arrested has committed a felony, although not in his presence.

"3. When a felony has in fact been committed, and he has reasonable cause for believing the person arrested to have committed it.

"4. On a charge, made upon reasonable cause, of the commission of a felony by the party arrested."

For cases construing this statute see Marple v. State, 51 Okla. Cr. 240, 1 P. 2d 836; Heinzman v. State, 45 Okla. Cr. 305, 283 P. 264; Coffey v. State, 38 Okla. Cr. 91, 258 P. 923; Miles v. State, 31 Okla. Cr. 4, 236 P. 907.

This is the law of the state as enacted by the Legislature, and any officer who acts without regard thereto does so at his own peril. Collegenia v. State, 9 Okla. Cr. 425, 132 P. 375; Yates v. State, 73 Okla. Cr. 51, 117 P. 2d 811; Meek v. Tilghman, 55 Okla. 208, 154 P. 1190.

From what has been stated, it follows that the officers did not have a legal right to search the premises of defendant on Sunday, February 1, 1942, without having secured a search warrant. Nor did they have the right to arrest her for the commission of a misdemeanor not committed in their presence, without a warrant. By reason of the action of the officers, the defendant was entitled to take such action against them as the law justified. But having come to this conclusion, are we justified in saying that the defendant should be discharged from paying the penalty imposed by this sentence as a punishment? The information was filed in the instant case on February 2, 1942. It was filed by the county attorney of Oklahoma county, and in the court of common pleas. The guilt or innocence of the defendant did not depend upon the arrest on the date named, and the question of unlawful arrest would not enter into the question of her guilt or innocence. As stated above, she could have taken such action as the law warranted, but she cannot here maintain that such arrest is a justification for her discharge or a reversal of this case on the facts.

In the case of Commonwealth v. Tobin, 108 Mass. 426, 11 Am. Rep. 375, the court said:

"The subsequent failure of the officer to make a complaint before the magistrate against his prisoner for the offence for which he had arrested him—whatever effect it might have to render the officer liable to an action of trespass by the latter—cannot affect the question whether his assault upon the officer was a breach of the criminal law."

The record amply sustains the charge the defendant was conducting or maintaining a bawdy house in Oklahoma City, and at the premises described in the information. The evidence clearly reveals that she not only had

knowledge of what was being done, but that she was conducting it for revenue, and in defiance of the law. How easy it would have been for the officers, who had all this knowledge prior to the arrest of defendant, to have followed the plain provisions of the statutes and laid the facts before the county attorney and had an information filed against the defendant, and secured a warrant before making the arrest. We appreciate the effort of the officers in enforcement of the law, and no doubt in this instance they knew the defendant, knew her reputation, and the reputation of her premises, and for that reason deemed it justifiable to arrest her without the procurement of a warrant. In the next instance, it might be the premises of a citizen who is entirely innocent. It is for this reason that the law, as above stated, was enacted. It is for the protection of the innocent, as well as for the punishment of the guilty.

Finding no error in the record, the judgment of the court of common pleas of Oklahoma county is affirmed.

JONES, P. J., concurs. DOYLE, J., not participating.