## JIM THOMAS et al. v. STATE.

No. A-5159.   Opinion Filed Oct. 17, 1925.
(240 Pac. 133.)

Wm. T. Powell, for plaintiff in error.

George F. Short, Atty. Gen., and Charles Hill Johns, Asst. Atty. Gen., for the State.

DOYLE, J.   The plaintiffs in error were tried and convicted on an information charging that on November 21, 1923, Jim Thomas and Bill Barnard did unlaw-

fully convey one-half gallon of whisky from a place unknown in Cotton county to another point in said county on the northwest quarter of section 7, township 3 south, range 11 west, I. M. The jury leaving their punishment to be fixed by the court. Motion for new trial was duly filed and overruled, and on January 8, 1924, the court sentenced each defendant to pay a fine of $100 and to be confined in the county jail for 30 days.

To reverse the judgment, they appeal and assign as error the insufficiency of the evidence to support the verdict, and that the court erred in the admission of evidence obtained by an illegal search and seizure.

J. D. Kerr, sheriff, testified:

"We were walking around in the road when we heard parties advancing and we stepped into the timber; it seemed to be some other parties, I heard them say something about some whisky; we walked back out to the road and stopped Jim Thomas and Bill Barnard in the front car, about that time I heard something break, I found a broken fruit jar in the front of the car and something running on the floor. I presumed it was whisky from the smell of it."

On cross-examination he stated that he left Walters about 10 o'clock at night; that it was clear moonlight night; that the defendants lived about three miles in a direct line from where he stopped their car.

He further testified as follows:

"Q. You say you know they had whisky? A. No, sir; I know it smelled like corn whisky, but I do not know it was.

"Q. Mr. Kerr, isn't it a fact you did not have a search warrant at the time of the arrest? A. It is a fact that I did not."

A. M. Black, deputy sheriff, testified that he was with the sheriff when they stopped Jim Thomas and Bill

Barnard; that he said to them, "This is the law, stop, and consider yourselves under arrest"; that after they stopped the car they found a broken fruit jar that smelled of whisky.

All the evidence in the case was admitted over the defendant's objections that it had been obtained by means of an unlawful arrest and an unreasonable search and seizure made in violation of the constitutional rights of the defendants.

At the close of the state's evidence, the defendants made a motion to strike all the evidence on the same ground. The motion was overruled. The defendants then moved for a directed verdict on the ground that the state had failed to establish facts sufficient to constitute a public offense. This was also overruled.

In the case of Klein v. State, 26 Okla. Cr. 173, 223 P. 201, it was held that, in a prosecution for transporting intoxicating liquor, evidence obtained by search of the defendant's automobile without a search warrant is inadmissible, in view of Const. art. 2, § 30. And see Keith v. State, 30 Okla. Cr. 168, 235 P. 631.

It follows that the evidence challenged in this case was obtained by the officers by an unlawful search and seizure and contrary to section 30, art. 2, supra, and was improperly received in evidence in violation of their constitutional rights.

The last contention, based on the theory that the evidence relied on to establish the defendants' guilt, even if its competency be admitted wholly fails to do so, we think, is well taken.

For the reasons stated, the judgments appealed from herein are reversed, and cause remanded, with direction to dismiss.

BESSEY, P. J., and EDWARDS, J., concur.