## W. N. WHITFORD v. STATE.

No. A-5481. Opinion Filed June 30, 1926.
(247 Pac. 424.)

 

Matson & Mathers, for plaintiff in error.

The Attorney General, for the State.

DOYLE, J. The information in this case charged that on the 9th day of August, 1923, the defendant, W. N. Whitford, did unlawfully transport "one-half gallon of corn whisky upon the streets of Ardmore, to wit, on West Main street." The trial resulted in his conviction as charged, and his punishment fixed at a fine of $400 and imprisonment for four months in the county jail. To reverse the judgment rendered on the verdict he appeals. Numerous errors are assigned and argued.

That evidence on the part of the state is to the effect that on the 9th day of August, 1923, Tom Kiersey and Carl Holden, two police officers, were out on West Broadway, in a Ford car, to serve some legal papers on Charles Byers; while Kiersey was in the Byers home to serve the papers, Holden remained outside, and the defendant drove by in a Chevrolet roadster.

It appears that Kiersey and Holden then started back east towards the business part of town, but that in going back they drove north to Main street and then turned back east. Broadway and Main streets, each running in a general east and west direction, cross each other in the west part of Ardmore, and at

this intersection the Texas Oil Company had a filling station. The defendant was leaving this filling station when the officers appeared. Kiersey testified that they yelled for the defendant to halt; Holden testified the first time they yelled for the defendant to halt was after he had driven several blocks west of the filling station.

The undisputed evidence is to the effect that they took in after the defendant and chased him west along Broadway; that before defendant turned off Broadway, according to a disinterested witness, they had fired two shots after the defendant; at that time neither of the officers had seen any whisky in the possession of the defendant; they were acting on suspicion. There is no testimony to the effect that they had previous to that time seen any whisky in the defendant's possession or in his car, or that any one had told either of these officers that the defendant had whisky in his car. Holden testified that he saw the defendant drive up in front of his house and come out in a few minutes with something, get back into his car, and turned east on Broadway, again passing him while Kiersey was in the Byers house. These officers overtook the defendant on McLish avenue, in Ardmore. The officers testified that they shot at the gas line of the defendant's car just as it turned the corner of Cummings' store, and the defendant stopped the car about one-half block east of the corner; that when they drove alongside of defendant's car they could see exposed one quart jar of whisky on the seat of the car and another broken jar in the bottom of the car. Cummings, a merchant who happened at the time to be, out in front of his store fixing an automobile, testified that he heard two shots before they turned at his corner; that he saw the officers drag the defendant out of his car and one hit him over the head

with a pistol and kicked him; that whatever whisky that was found was concealed in paper sacks and that one of the officers took a jar out of sack and broke it on the pavement.

The testimony of the two officers was admitted over the defendant's objections that the same was incompetent, as having been obtained by unlawful search and seizure. At the close of the state's case the defendant moved for a directed verdict of acquittal, which was overruled.

It is argued that the arrest of defendant and search of his person and of the car were without sufficient warrant in law, and that evidence obtained in this way in inadmissible and in violation of the defendant's constitutional rights under sections 21 and 30 of the Bill of Rights.

The fact that the defendant was transporting intoxicating liquor, not being discoverable without a search, the offense of transporting it was not committed in the presence of the officers, and they had no authority to arrest the defendant therefor without a warrant.

The intimidation and felonious assault made by the officers upon the defendant by shooting at his car was unlawful, and, in this way and by such lawless acts, the arrest was accomplished and the evidence obtained.

In the case of Graham v. State, 31 Okla. Cr. 125, 237 P. 462, we held:

"A peace officer has no lawful right to shoot, or shoot at, a person who is attempting to escape arrest for a misdemeanor, unless the offender resists to such an extent as to place the officer in danger of loss of life or great bodily harm."

In the opinion it is said:

"An officer seeking the enforcement of one law should not violate another in order to accomplish his purpose. Such conduct brings the administration of justice into disrepute, and tends to the subversion of peace and good order.

"It is elementary that a confession of guilt obtained by duress is not admissible in evidence. The genius of our free institutions requires that the admissions of the accused shall not be used against him, unless made voluntarily.

"However, if a confession is freely and voluntarily made, without duress or promise of reward, it is admissible against the defendant, so we see that the legality or illegality of the means employed to obtain the confession determines whether it may or may not be admitted."

It follows that the motion for a directed verdict of acquittal should have been sustained. Having reached this conclusion, we will not discuss the other assignments of error.

The judgment of the lower court is reversed, and the cause remanded, with direction to discharge the defendant.

BESSEY, P. J., and EDWARDS, J., concur.