JOHN SULLIVAN et al. v. STATE.

No. A-5934. Opinion Filed Oct. 8, 1927.
(259 Pac. 654.)

W. W. Peterson, for plaintiffs in error.

The Attorney General, for the State.

PER CURIAM. The appellants were jointly tried and convicted on an information charging the unlawful transportation of whisky from a point unknown to a point between sections 29 and 30, township 17 north of range 25 West, I. M., Roger Mills county. The jury fixed the punishment of the defendant Sullivan at a fine of $250 and confinement in jail for 90 days, and the punishment of the defendant Condo at a fine of $50 and confinement in the county jail for 30 days. To reverse the judgments they appeal.

The undisputed facts are that the sheriff and a deputy searched the car occupied by the defendants and found a half gallon fruit jar containing whisky and a pint bottle of whisky.

J. M. Lester, sheriff, testified that he went five or six miles northeast of Durham for the purpose of searching cars that were going to a dance in that neighborhood; that when these defendants came by he jumped on the running board of the car and told them that he wanted to search their car; that he did not have a search warrant; that he had their permission to search the car; that there was a half-gallon jar wrapped in a gunny sack in the back seat under the cushion; that the defendant Condo was driving the car, and the defendant Sullivan sitting by him; that he went on to search several other cars around there, and while he was gone the liquor disappeared; that some of the cars had ladies in them and he did not stop them.

J. M. Bradshaw, deputy sheriff, testified: "We could see the cars coming. Sheriff Lester jumped on the running board of the defendants' car, the defendant Sullivan said, 'Go ahead,' he could not stop us, or something like that." That when they came back they could not find the whisky, and they arrested the defendants. That

the defendant Condo did not say anything, and he was the owner of the car.

When the case was called for trial the defendants moved to suppress the evidence because obtained by means of an unlawful search and seizure. At the close of the evidence for the state, the defendants each moved the court to instruct the jury to return a verdict of acquittal, which motion was overruled.

It is a violation of the provisions of the Bill of Rights of the State Constitution against unreasonable searches and seizures for an officer, without a search warrant or warrant of arrest, or without having made an arrest for an offense committed or attempted in his presence, to search the person of a citizen or to search his car on mere suspicion. It is the settled doctrine in this state that evidence procured by means of an unauthorized search and seizure cannot be used against a defendant when timely objection is made against its introduction.

Without considering the other assignments of error, we deem it sufficient to say that on the undisputed facts the testimony of the state's witnesses was illegally obtained and improperly admitted.

The judgment of the lower court is therefore reversed.