ELZIE HUFFMAN et al. v. STATE.

No. A-6130.   Opinion Filed Nov. 4, 1927.
(260 Pac. 782.)

E. W. Snoddy and J. R. Murrow, for plaintiffs in error.

Edwin Dabney, Atty. Gen., for the State.

EDWARDS, J.   The plaintiffs in error, hereinafter called defendants, were convicted in the county court of Woods county on a charge of transporting liquor, and were each sentenced to pay a fine of $50 and to serve a term of 30 days in the county jail.

On the date charged, the defendants, near the town

of Waynoka, were in a Ford car, in the back of which was a case or box described as a pop case or a near beer case, having a lid and handholds for carrying it, in which were 12 or 15 bottles of what is described as "stuff," "beer," and "choc beer." The town marshal of Waynoka and another officer searched the car and arrested defendants. They had no search warrant, and timely objection was made to the evidence as having been obtained by an unlawful search. Mr. Wright, town marshal, testified, in substance, that he, with the others, searched the car, though he had no search warrant; that the box was "the kind of a box they carry pop around in"; that he saw the pop case in the back of the car with some one sitting on it. They ordered the person sitting on it to get off, and then they could see bottles through the handhold. He suspected it contained liquor, but did not know it. An officer without a warrant may arrest a person for a misdemeanor committed in his presence, and may search the person and immediate surroundings of such person for instrumentalities used in the commission of crime, but may not arrest on the mere suspicion that a misdemeanor is being committed. In a prosecution for transporting intoxicating liquor, evidence obtained by a search of defendant's automobile without a search warrant, or not as incident to a legal arrest, either with or without a warrant, is inadmissible, as in violation of article 2, § 30, state Constitution. Combest et al. v. State, 32 Okla. Cr. 47, 239 P. 936; Thomas et al. v. State, 32 Okla. Cr. 57, 240 P. 133; Britton v. State, 34 Okla. Cr. 391, 246 P. 666.

Where an officer sees a person in the act of transporting whisky, he may arrest such person and seize the liquor so being transported. Bullington v. State, 38 Okla. Cr. 214, 259 P. 876. In the Bullington Case the accused was seen transporting whisky in an automobile in a glass container. It was argued that the officer could not be sure the contents of the container was whisky

until a search was made. This court held that seeing the whisky was sufficient evidence of an offense committed in the presence of the officer and the arrest and search legal. The facts in that case are very different from those in the case at bar. A suspicion of the contents of a closed wood or metal box or case is not the same as seeing the contents of a transparent glass container. If an officer may search an automobile when he sees a closed box in it he may search it upon seeing a suit case, grip, or any other kind of package or baggage. Such unauthorized search is in violation of the provisions of the Bill of Rights (article 2, § 30, state Constitution), and evidence obtained by it, upon timely objection, should have been excluded.

The case is reversed and remanded, with instructions to dismiss.

DOYLE, P. J., concurs.

DAVENPORT, J., absent, not participating.