## JIM SKINNER v. STATE.

No. A-6610. Opinion Filed September 7, 1929.
(280 Pac. 851.)

Wieck & Armstrong, for plaintiff in error.

Edwin Dabney, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

EDWARDS, P. J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Kay county of a second and subsequent violation of the

prohibitory liquor law and was sentenced to pay a fine of $100 and to serve two years in the state penitentiary.

The record discloses that prior to the time charged, defendant had been convicted on two occasions in the county court of Kay county of selling whisky, and had paid a fine and served a term in the county jail. At the time charged, certain officers procured a search warrant for the search of lots 15 and 16, block 23, in the town of Kaw City. With this warrant they went to the place, which was a hotel, met defendant on the front porch, and proceeded to search him, and found on his person two half pints and one pint of whisky. On searching the premises nothing else was found. The officers had no search warrant for defendant's person and did not arrest him until after the search of his person. Section 30, art. 2, of the state Constitution provides:

"The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches or seizures shall not be violated; and no warrant shall issue but upon probable cause supported by oath or affirmation, describing as particularly as may be the place to be searched and the person or thing to be seized."

The search of the person of an individual without a warrant, and not as an incident to a lawful arrest, violates in the most aggravated form the terms of the Constitution above quoted. Sections 30, 45, and 47, Cornelius on Search and Seizure, and authorities cited. It is fundamental that a citizen may not be stopped on mere suspicion and searched by force in order to procure evidence against him. Evidence procured in this manner is not admissible.

The case is reversed.

DAVENPORT and CHAPPELL, JJ., concur.