## H. E. SMITH v. STATE.

No. A-7413.    Opinion Filed June 28, 1930.
(289 Pac. 792.)

R. D. Miller, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter for convenience referred to as the defendant, was tried on a charge of transporting one-half pint of corn whisky from one place in the state of Oklahoma to another; was convicted by the jury, and his punishment left to the court, and was sentenced to pay a fine of $300 and be

confined in the county jail for a period of four months. From the judgment the defendant has appealed by petition in error and case-made.

The testimony, in substance, on behalf of the state shows that E. T. Smith, sheriff, and P. W. Nance, deputy sheriff of Harmon county, were driving out from Hollis a short distance and met the defendant driving toward the city. The defendant was driving along at an ordinary rate or speed; that after the witnesses for the state passed defendant they looked back and saw the defendant had increased the speed if his car; neither of the officers had any warrant for the arrest of the defendant; one of the witnesses say what caused them to turn back was the action of the defendant when they passed him. The witnesses had started out of town on some errand and met the defendant driving at an ordinary rate of speed, going through a portion of the town and around different places, until he finally slowed up, and the state witnesses caught up with him; the sheriff says: "I walked over and opened the left door of his car and a pint of whisky fell out on the running board of his car." The defendant objected to the introduction of any testimony of transporting whisky, and saved his record at every stage of the proceeding on the ground that the search of his car was without authority of law, and the testimony secured by reason of that fact was unlawfully secured and inadmissible against him.

The defendant assigns as error the action of the sheriff in searching his car without having a warrant for his arrest or to search his car. The sheriff states, in substance, that, when the defendant stopped his car, he went up to the defendant's car and opened the door, and a pint of whisky fell out of the car.

There is no testimony showing that the officer had seen any whisky in the defendant's car or had any knowledge there was whisky in it. The search of the defendant's car, by opening the door, as stated by the sheriff, was without authority of law, and his motion to suppress the evidence should have been sustained.

The judgment is reversed.

EDWARDS, P. J., concurs. CHAPPELL, J., dissents.