FRED INGRAHAM v. STATE.

No. A-7465.  Opinion Filed July 19, 1930.
(290 Pac. 344.)

James W. Smith, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter called the defendant, was by information charged with the crime of transporting intoxicating liquors from one place in Kiowa county, state of Oklahoma, to another; was tried, convicted, and sentenced to pay a fine of $375 and to serve 120 days in the county jail. From the judgment the defendant has appealed.

The testimony on behalf of the state, in substance, shows that Sam Standefer, sheriff, and Luther Shelton, deputy sheriff, of Kiowa county, were driving in Hobart about 9 o'clock on the evening of January 31, 1929, and saw a car in front of them start away without the lights being turned on; after the car drove a short distance, the lights were turned on and continued to drive on one of the streets; and the officers pursued the car until they caught up with it. They claim the defendant was driving fast; when they caught up with him they stopped him and searched his car and arrested the defendant and another party who was in the car with him. They admit they had no warrant for the defendant's arrest or to search his car.

When the defendant's car was searched, they found whisky in the car. Before the trial began the defendant moved to suppress the testimony on the ground that all of the testimony was secured by an unlawful search and seizure, which motion was overruled, and the defendant saved an exception. The defendant during the trial objected to the testimony on behalf of the state, on the ground that it was secured by an unlawful search and seizure of his car, which objection was overruled and exceptions saved.

Several errors have been assigned by the defendant, but the only error deemed necessary to consider is the error the defendant claims was committed by the court refusing to sustain his motion to suppress the testimony and dismiss the proceedings for the reason that the officers had no search warrant or warrant for his arrest at the time they searched his car, and that the court erred in overruling his demurrer to the evidence. There is no testimony showing that the officer had seen any whisky in

defendant's car, or had any knowledge there was whisky in it.

All the testimony tends to show that while the officers were driving along the streets of Hobart, they sighted a car and, without knowledge as to who was driving it, pursued it, and after it had been driven some distance ran in front of the car, stopped it, and searched the car and arrested the defendant. There is nothing to show when the defendant started through the streets of Hobart and the officers started to pursue him, they had any knowledge the defendant was violating any statute. An attempt was made to show the arrest was brought about because defendant was driving in a reckless manner or speeding, but the testimony fails to show at the time the officers pursued him he was committing any offense in the presence of the officers.

In Sullivan et al. v. State, 38 Okla. Cr. 200, 259 Pac. 654, in the first paragraph of the syllabus the court said:

"Where a conviction is based solely on evidence obtained by means of an unauthorized search and seizure, and admitted over the defendant's objection, the conviction will be reversed as contrary to law and the evidence."

In Huffman et al. v. State, 38 Okla. Cr. 307, 260 Pac. 782, in the syllabus the court said:

"In a prosecution for transporting intoxicating liquor, evidence obtained by search of defendant's automobile without a search warrant, and not as an incident to a legal arrest, is inadmissible as in violation of article 2, § 30, State Constitution." Thomas et al. v. State, 32 Okla. Cr. 57, 240 Pac. 133; Britton v. State, 34 Okla. Cr. 391, 246 Pac. 666.

From the record it does not appear there was any suspicion, when the sheriff and his deputy started to fol-

low the car the defendant was driving that there was any violation of law; the defendant was driving along the street like any ordinary citizen; the stopping of his car on the street in the manner shown by the record was not a legal seizure, and the search of this car without a warrant, and where no legal arrest had been made, is in violation of article 2, § 30, Const., forbidding unreasonable searches. Skinner v. State, 44 Okla. Cr. 271, 280 Pac. 851.

It is fundamental that a citizen may not be stopped on mere suspicion, and his person or his car searched in order to procure evidence against him. Evidence procured in this manner is not admissible.

The case is reversed.

EDWARDS, P. J., concurs. CHAPPELL, J., not participating.