## HERSCHELL WRIGHT v. STATE.

No. A-8159.   Nov. 28, 1931.
(5 Pac. [2d] 766.)

Miles & Miles, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

DAVENPORT, P. J. The plaintiff in error, for convenience referred to as the defendant, was by information jointly charged with Roy McKillips and William H. Stafford with transporting intoxicating liquor, was tried separately, convicted, and sentenced to pay a fine of $50, and to be imprisoned in the county jail for 30 days. From the judgment, the defendant appeals.

Before the trial began, the defendant filed the following motion, omitting the caption and signatures:

"Comes now the defendant Herschell T. Wright, above named, and moves this court to suppress the evidence in said cause in support of the charge filed against the defendant, and for grounds therefor alleges and states that said evidence was procured by an unlawful search and seizure, and in violation of the Constitution of the state of Oklahoma, and the statutes of the state of Oklahoma"— which motion was overruled, and defendant duly excepted.

The undisputed facts are that Fred Householder and J. M. Stevens stopped the car in which the defendant, William H. Stafford, and Roy McKillips were riding, and searched the car, and claim to have found whisky in the back seat of the car where this defendant, together with William Stafford, was sitting. The officers admit they had no search warrant to search the car of the defendant, or for the arrest of the defendant or either of the other parties that were in the car with the defendant, and they further admit they did not see the whisky in the car when they stopped the car to search it.

Over the objections of the defendant, the whisky clamed to have been found on the seat of the car where the defendant was sitting was offered in evidence. We hold that the evidence challenged in this case was secured by the officers by an unlawful search and seizure, contrary to section 30, art. 2, of the Bill of Rights, and was improperly received in evidence against the defendant. Keith v. State, 30 Okla. Cr. 168, 235 Pac. 631; Ingraham v. State, 48 Okla. Cr. 178, 290 Pac. 344; Bowen v. State, 50 Okla. Cr. 36, 295 Pac. 623.

In this case, the defendant timely objected to the testimony that was to be introduced against him by a motion to suppress the same, which motion was by the court overruled, and exceptions saved by the defendant. The motion of the defendant to suppress was well taken, and the court erred in not permitting the defendant to produce testimony in support of his motion to suppress, and in overruling the same.

The defendant's conviction having no sufficient foundation to support it without the use of the evidence that had been unlawfully obtained must be reversed. The judgment of the lower court is reversed, and the cause remanded.

EDWARDS, J., concurs. CHAPPELL, J., absent, not participating.