## WALTER McKEE v. STATE.

No. A-8923.   Aug. 10, 1936.
(60 Pac. [2d] 216.)

H. A. Johnson, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter in this opinion referred to as the defendant, was convicted as an habitual violator of the prohibitory liquor laws of the state of Oklahoma, for having possession of intoxicating liquor with intent to barter, sell, give away, or otherwise furnish to others, and sentenced to three years in the state penitentiary and to pay a fine of $300. Motion for new trial was filed, considered, and overruled, and the defendant prosecutes this appeal by petition in error with case-made attached.

Before the case was called for trial, the defendant demurred to the information, which demurrer was overruled and exceptions saved. The defendant then filed his motion to suppress the evidence of the state on the ground that it had been obtained by an illegal search and seizure, which motion to suppress was by the court overruled, and the defendant duly excepted.

By stipulation between the counsel for the state and the defendant, the evidence that was taken on the motion of the defendant to suppress the evidence was accepted as the evidence in the case.

The state called C. O. DeVilbiss, a deputy sheriff, who stated he knew the defendant, Walter McKee; he knew that Walter McKee prior to the trial of this case had been convicted of a violation of the prohibitory liquor laws of the state of Oklahoma; the witness had been told that the defendant had some time in the past been convicted in Payne county, but he had no personal knowledge of a conviction of the defendant in Payne county; the wit-

ness said he had information that the defendant was hauling liquor; the first time he saw the defendant the evening he was arrested was out north of town on highway 77.

"I met him coming from the north at the edge of town; I turned my car around and pursued him through town but lost sight of him; I then came back and picked up Mr. Cavitt, another deputy sheriff, and we drove back out south and met the defendant at the southwest corner of the square; he drove to his home on F. street; we drove up to the back of his car and asked him if he had ever reported to the county attorney about that quart of gin we got down there in July, and he said he hadn't; I had seen him around town but had not talked with him. Q. By the Court: What did you arrest him for? A. Arrested him for not reporting to the county attorney on this quart of gin we got at his house."

That "undersheriff got in his car, and I got in my car, and we drove down to the court house; he told us he did not have a key to his roadster; it had not been opened in about five weeks; he finally gave us the keys; we found about 23 pints of liquor in the back of the car."

When the defendant came into town he was driving slowly:

"We had information he was bringing whisky; when I saw him coming from the north I turned and followed him to see where he was going." This was objected to by the defendant, the objection was overruled, and the defendant excepted. "Q. Did you think he had whisky in the car? A. It looked very suspicious to me from what I had heard. I was following him because I wanted to know where he was going."

On cross-examination witness stated:

"I had no sworn information the defendant was violating the law; I did not have a search warrant, nor a warrant for the arrest of the defendant."

The first assignment of error is, the court erred in overruling the motion of the defendant for a new trial. The second assignment, the court erred in overruling the motion of the plaintiff in error to suppress the evidence obtained by the illegal search and seizure without a search warrant or other lawful authority in violation of the Constitution and legal rights of the plaintiff in error. These two assignments will be considered together. The state witness undertakes to say he had some kind of information that the defendant might have some whisky in his car, and when he met the defendant on the north side of the city of Perry, he turned and pursued him. He says the defendant was driving leisurely along the highway, and he finally lost sight of him in the city and went and picked up another deputy, and while they were driving they saw the defendant again, and pursued him to his home, and when' he stopped and got out they approached him and asked him about the whisky. The officer stated in response to the question of the court, "I arrested him for not reporting to the county attorney on this quart of gin we got at his house."

They had been having complaints, and the evidence would further show they had been to the defendant's place the month immediately preceding that and Walter McKee was not at home, but a man staying with him said he did not have anything but McKee had, and pulled out and gave the officers some gin, and the officers left word for Walter McKee to come up and see the county attorney.

The positive statement of the officer for the state is that he arrested the defendant for not reporting to the

county attorney on what he claimed was a quart of gin that he had gotten from some other man at the home of the defendant McKee. He does not claim, or attempt to claim, he arrested him on any information that he was transporting whisky. The state is bound by the testimony of the witness when he states positively that the defendant was arrested for failing to report to the county attorney.

There is no evidence in the record that any complaint had been filed against the defendant for the quart of gin claimed by the state witness to have been received by him from some man that was at the home of the defendant, with the statement that it belonged to Walter McKee, nor is there any evidence that a warrant was issued for him. It is clearly shown by the testimony that the witness for the state did not have a warrant to search the defendant or his car, or a warrant for his arrest. The state relies for a justification for arresting the defendant that he was arrested and taken to the courthouse for failure to report to the county attorney on the quart of gin claimed to have been received by the officer from some other man with the statement that it belonged to McKee.

The statement of the man the officers claim delivered him the gin saying it belonged to the defendant McKee was purely hearsay, and would not authorize a legal arrest of this defendant unless the officers secured a warrant for his arrest. The arrest in this case was unlawful and without authority of law and violated the constitutional rights of the defendant.

"Where the offense is not a felony, an officer cannot arrest without a warrant, unless the offense was committed or attempted in his presence."
And:

"Where the officer does not know of the act constituting the offense, it is not committed in his 'presence.'" Graham et al. v. State, 31 Okla. Cr. 125, 237 Pac. 462.

In this case there is no evidence positive to show that the defendant was in any way whatever connected with the gin that the officers claim was delivered to them by another man, or that he ever saw it or knew it was on the place.

"A search of the person, without a warrant and where no legal arrest has been made, and on mere suspicion, is a violation of section 30, art. 2, state Constitution, forbidding unreasonable searches." Skinner v. State, 44 Okla. Cr. 271, 280 Pac. 851.

"Where a conviction is based solely on evidence obtained by means of an unauthorized search and seizure, and admitted over the defendant's objection, the conviction will be reversed as contrary to law and the evidence." Sullivan et al. v. State, 38 Okla. Cr. 200, 259 Pac. 654; Ingraham v. State, 48 Okla. Cr. 178, 290 Pac. 344.

"Where a person is unlawfully arrested and his person, possessions, and immediate surroundings searched, the fact of finding liquor by such search does not constitute a justification therefor." Wallace v. State, 49 Okla. Cr. 281, 294 Pac. 198.

A search of an automobile without a search warrant and not as an incident of a legal arrest, not upon any probable cause of the commission of a felony, but upon mere suspicion, is a violation of article 2, § 30, state Constitution, and evidence obtained by such a search is inadmissible. Bowen v. State, 50 Okla. Cr. 36, 295 Pac. 623.

There being no legal arrest in this case, the search of the defendant's person and his automobile was without authority of law, and was an unlawful search and seizure.

The judgment of the trial court is reversed, with directions to discharge the defendant.

EDWARDS, P. J., and DOYLE, J., concur.