## FRANK REININGER v. STATE.

No. A-9042. Aug. 28, 1936.
(60 Pac. [2d] 629.)

C. B. Wood, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for the State.

DAVENPORT, J. For convenience the plaintiff in error will be referred to in this opinion as the defendant. The defendant was charged with having possession of intoxicating liquor with intent to barter, sell, give away or otherwise dispose of the same; was convicted and sentenced to pay a fine of $100 and to be imprisoned in the county jail for 60 days. Motion for a new trial was filed, overruled, and the defendant appeals.

When the case was called for trial, and before the state had introduced any evidence, the defendant filed a motion to suppress the evidence on the ground that the officers, without a warrant to arrest the defendant, or to search his car, came to the home of the defendant and drove into his yard and proceeded to search his car within and on the curtilage of the defendant's home. The officers did not have or pretend to have a warrant for the defendant's arrest or to search his car, and set forth other grounds in his motion.

Testimony was taken on the defendant's motion to suppress. The officers admitted they went to defendant's home and drove into his yard and up near his house; they had no warrant for his arrest or to search his premises or his car. The defendant denies he at any time consented for them to search his car without a search warrant. Neither of the officers are positive in their statement when they said they asked the defendant to be searched without a search warrant, as to the answer the defendant gave, one of them had no definite recollection, and the other undertakes to say that if they were going to search the defendant gave his consent to the search. When the car was searched by the officers, they found a quantity of whisky.

The motion of the defendant to suppress the evidence was by the court overruled and exceptions duly and regularly saved. In substance the testimony in the trial of the case is the same as on the motion to suppress.

The second assignment of error of the defendant is:

"Error of the court in overruling the motion of the said defendant Reininger to suppress the evidence."

And his third assignment of error is:

"Error of the court in admitting incompetent, irrelevant and immaterial evidence offered by the state."

The defendant insists that his motion to suppress the evidence should have been sustained, and that the court in the trial of the case admitted incompetent and irrelevant testimony, on the ground that it was procured by an unlawful search and seizure. The officers admit they had no authority to search defendant's car unless he had waived his right to be searched. The defendant denies he gave his consent to the officers to search his car. It is clear from the testimony that the officers who searched the defendant's car entered on the curtilage of the defendant's home, and as one of them admits, they did so for the purpose of searching the defendant's car. They were trespassers from the time they drove into the defendant's yard and on to his curtilage, and as one of them admits, they went there for the purpose of searching the car without seeing any whisky in the defendant's car, and did not see it until they opened the car. There is no competent evidence to show that the defendant in this case waived his constitutional right, and granted permission to the officers to search his car.

All of the circumstances and the testimony of the defendant show he did not grant the officers permission

to search his car, and the testimony of the officers shows they had started on their search and drove into the yard of the defendant before anything was said to him about what he had in his car, and when questioned after the search was begun he told them he did not have anything, it was then the officers opened his car and found the whisky, all of which was in violation of the constitutional rights of the defendant.

In Whitford v. State, 35 Okla. Cr. 22, 247 Pac. 424, in the second paragraph of the syllabus this court said:

"Where the officer does not know of the act constituting the offense it is not committed in his 'presence.'"

In the fifth paragraph of the syllabus the court said:

"No search of the person or seizure of any article found thereon can be made on mere suspicion that the person is violating the prohibitory liquor laws in having intoxicating liquor in his possession, or without a search warrant, unless and until the alleged offender is in custody under a warrant of arrest, or shall be lawfully arrested without a warrant as authorized by law."

A defendant charged with crime, though guilty, is entitled to a fair and impartial trial according to law. This court, in the case of Mosier v. State, 59 Okla. Cr. 106, 56 Pac. (2d) 908, 909, said:

"Some things are to be more deplored than the unlawful sale of whisky. One is the loss of liberty. Common as the event may be, it is a serious thing to arrest a citizen, and it is more serious to search his person, and whoever accomplishes it must do so in conformity with the laws of our state. There are two reasons for this, one to avoid bloodshed, and the other to preserve the liberty of the citizen."

The evidence challenged in this case was secured by the officers by an unlawful search and seizure, contrary

to section 30, art. 2, of the Constitution (Bill of Rights), and was improperly received in evidence against the defendant. Wright v. State, 52 Okla. Cr. 393, 5 Pac. (2d) 766.

In this case the defendant timely objected to the testimony that was to be introduced against him by a motion to suppress, which motion was by the court overruled and exceptions saved by the defendant.

There are other errors assigned by the defendant, but, in the view we take of this record, it is not necessary to consider them. The search in this case was unlawful and made without any authority of law.

There being no competent evidence to sustain the conviction, the judgment of the trial court is reversed, with directions to discharge the defendant.

EDWARDS, P. J., and DOYLE, J., concur.