RUTH KETCHAM v. STATE.

No. A-9333.   Jan. 28, 1938.
(75 P. 2d 1159.)

J. Q. A. Harrod and Laynie Harrod, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for the State.

DAVENPORT, P. J.   The plaintiff in error in this

case, hereinafter referred to as the defendant, was by information charged with the possession of six pints of intoxicating liquor with the unlawful intent to willfully and wrongfully barter, sell, give away, and otherwise furnish the same to divers persons; was tried, convicted, and sentenced to pay a fine of $50 and to be confined in the county jail of Oklahoma county for 30 days, and has appealed.

When the case was called for trial, the defendant objected to the introduction of any testimony on the part of the state, for the reason that the officer did not have a search warrant for the person of the defendant, or a search warrant for the automobile, and that all the evidence obtained by that search and seizure was obtained unlawfully and in violation of the defendant's constitutional rights, and in violation of the laws of the state of Oklahoma.

The officer making the arrest was questioned in support of the objection of the defendant and stated he did not have a search warrant when he arrested the defendant, and he did not have a search warrant for the automobile in which she was riding. The objections of the defendant were overruled and the testimony on behalf of the state was introduced as follows:

George Kerr stated he was deputy sheriff, and on the 31st day of October, 1936, he had occasion to be at or near the place where the defendant lived for about an hour and a half.

"Eight cars came up and stopped, and she came out and left and I followed her to Fifty-Fourth and High; on Fifty-Fourth street she got out and went in, and when she came out I stopped them on Forty-Eighth and Stiles. She did not tell me where she had been until after she got out of the car. I searched the car and found six pints

of whisky. She told me the boy with her had nothing to do with the whisky."

On cross-examination witness stated positively he did not have a warrant for her arrest at the time he stopped her, nor did he have a warrant to search the automobile in which she was riding, or a warrant to search her.

The defendant in her first and second assignment of error argues that the court erred in overruling her objections to the introduction of the testimony of George Kerr, and that the court further erred in refusing to strike from the record the testimony of the witness George Kerr concerning what he saw by reason of the search and seizure because the officer had no warrant for the defendant's arrest, and no search warrant for her person or automobile in which she was riding. And that the judgment of the court in finding the defendant guilty is contrary to the evidence, and that the trial court erred in overruling her motion for a new trial.

It is admitted by the officer that the defendant in this case was driving along the public streets of the city of Oklahoma City, and that he was without authority to search the defendant, to arrest the defendant, or to search the car in which the defendant was riding; that he stopped the car and had her get out and searched the car.

At the close of the state's testimony the defendant renewed her objections to the introduction of the testimony, which was overruled by the court.

The defendant demurred to the evidence and moved the court to render a verdict of not guilty in her favor, which demurrer was overruled and exceptions duly saved.

The question in this case is one that has been before this court so often that it seems like the officers

would respect the law and holdings of this court, and, when they desired to search parties driving along the public streets and highways, and do not see them committing an offense, they would procure a search warrant, or a warrant for their arrest if they know of any crime they have committed and not openly and flagrantly violate the law by stopping cars and making parties get out and searching the cars.

The officer making the arrest in this case is an officer that has been serving in different capacities for a number of years, and tries to justify his act by testifying to statements made to him by the defendant, but the record is clear from the officer's testimony that at the time he stopped the car and arrested the defendant and searched the car he had not seen the defendant committing any offense, and that he did not see any whisky in the car, and that he arrested the defendant without any legal authority. He gives no reason why he followed the car the defendant was driving, or why he stopped the car on Forty-Eighth and Stiles and searched it.

In Whitford v. State, 35 Okla. Cr. 22, 247 Pac. 424, this court in the first paragraph of the syllabus stated:

"Where the offense is not a felony, an officer cannot arrest without a warrant, unless the offense was committed or attempted in his presence."

In the second paragraph of the syllabus the court further stated:

"Where the officer does not know of the act constituting the offense it is not committed in his 'presence.'"

In the fifth paragraph of the syllabus the court further stated:

"No search of the person or seizure of any article found thereon can be made on mere suspicion that the

person is violating the prohibitory liquor laws in having intoxicating liquor in his possession, or without a search warrant, unless and until the alleged offender is in custody under a warrant of arrest, or shall be lawfully arrested without a warrant as authorized by law." Strong et. al. v. State, 42 Okla. Cr. 114, 274 Pac. 890.

In Lamb v. State, 59 Okla. Cr. 360, 60 P. 2d 219, in the second paragraph of the syllabus the court said:

"The search of the car without a warrant of arrest or search warrant, or knowledge by the officer that it contained whisky, held illegal, and evidence should be excluded upon timely objection."

In Bowen v. State, 50 Okla. Cr. 36, 295 Pac. 623, the court in the syllabus said:

"A search of an automobile without a search warrant and not as an incident of a legal arrest, not upon any probable cause of the commission of a felony, but upon a mere suspicion, is in violation of article 2, § 30, State Const., and evidence obtained by such a search is inadmissible." Mosier v. State, 59 Okla. Cr. 106, 56 P. 2d 908.

We have no doubt that the search of the defendant under the circumstances in the record is unlawful. Some things are to be more deplored than the unlawful sale of intoxicating liquor, one is the loss of liberty, common as the event may be; it is a serious thing to arrest a citizen, and it is much more serious to search a person or car, and whoever accomplishes it must do so in conformity with the laws of our state. There are two reasons for this, one is to avoid bloodshed, and the other to preserve the liberty of the citizen.

The demurrer of the defendant and her motion for a directed verdict should have been sustained. There being no evidence in the record other than that procured by

the unlawful search and seizure, the judgment of the trial court is reversed.

DOYLE and BAREFOOT, JJ., concur.