## BATES v. STATE.

No. A-11622. Dec. 17, 1952.

(251 P. 2d 810.)

John A. Cochran, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty, Gen., and Owen J. Watts, Asst. Atty. Gen., for defendant in error.

BRETT, P. J. Plaintiff in error, Robert G. Bates, defendant below, was charged by information in the common pleas court of Tulsa county, Oklahoma, with the offense of unlawful possession of intoxicating liquor, allegedly committed on or about the 3rd day of April, 1950. To this charge the defendant entered his plea of not guilty. Thereafter he filed his motion to suppress the evidence, alleging that the same was obtained by an unlawful search and seizure. On September 5, 1950, the defendant waived a jury and consented to the trial of the case to the judge, Honorable Stanley C. Edmister. By stipulation it was agreed that the evidence on the motion to suppress might be considered as the evidence on the merits of the case. Upon hearing the evidence, the trial judge overruled the motion to suppress, and thereafter, on May 29, 1950, adjudged the defendant guilty, fixing his punishment at 30 days in jail and a fine of $100, and entered judgment accordingly. The motion for new trial was overruled on June 1, 1950, and the appeal perfected herein, including briefs by the plaintiff in error and the state on August 14, 1952.

The decisive question necessary for determination of the issues herein is: Did the trial court err in overruling the defendant's motion to suppress the evidence? The evidence discloses that four officers, Whisenhunt, Roy Raines, Bell and Floyd Jordan, were cruising around Tulsa on November 3, 1950. In their cruise, while driving north, they passed the defendant's house located at 123 South 68th East Avenue. The defendant was a known bootlegger; his house was located on the east side of the street with a garage and driveway north of the house. The garage was located about 50 or 60 feet from the center of the street. The defendant's automobile was parked near the garage but slightly north and off of the driveway. The automobile was headed east, and two of the officers testified was turned slightly at an angle to the south. Officers Floyd Jordan and Roy Raines were the only officers to testify. It is interesting to note in this connection that Officer Whisenhunt who was supposed to have discovered the whiskey did not testify. Officer Floyd Jordan testified that as they drove by the defendant's residence and reached a point about even with the south side of the defendant's driveway, Officer Whisenhunt said, "There is some whiskey sticking out of Bob's car." Officer Raines testified he believed it was Whisenhunt who said, "Looks like some lugs of whiskey in there." From where the officers placed their car when the remark about whiskey was made, we are of the belief it would have been impossible to have seen the packages, and if not, certainly impossible to identify them from that position and distance. Both Officers Jordan and Raines testified the right-hand door of the defendant's car was wide open, and the whiskey was sitting on the front seat. Officer Jordan testified it was "right out on the edge, could have been a little farther out. We could see the front part of the lugs; yes". He likewise testified he did not know it was whiskey, and repeatedly testified what he saw was wrapped in brown paper. Notwithstanding, at one place he testified that he could see the necks of the bottles. Officer Raines likewise relied on the sight and remark of Officer Whisenhunt as hereinbefore set forth. He said after they backed up from where he was that from where they were parked he thought what he saw was whiskey. He admitted, however, he did not know it was whiskey. Officer Jordan testified that they drove into the driveway. On this point Officer Raines testified that they did not drive into the driveway but got out and walked into the driveway. Officer Jordan testified that the defendant was around the back painting some boxes and that he came to the front. When he appeared they asked the defendant Bates what he had in the car, whereupon the defendant asked if they had a search warrant, and he was informed

that they did not, to which the defendant he said replied, "Do you police have a right to come in here without a search warrant". Officer Floyd testified that Whisenhunt said in reply to that, "We saw the whiskey from the street". The whiskey was seized without a search warrant but the defendant, Bates, was not arrested. The officers removed the whiskey to the courthouse, and later filed charges against Bates and told him to report to them for the purpose of arrest.

The search and seizure herein is sought to be sustained upon the proposition the offense was committed in the officers' presence and hence such being the case a lawful search and seizure was made incident thereto. In connection with this contention the state cites Griffin v. State, 90 Okla. Cr. 90, 210 P. 2d 671; Farmer v. State, 86 Okla. Cr. 308, 192 P. 2d 716; Franklin v. State, 71 Okla. Cr. 115, 109 P. 2d 239; Nott v. State, 70 Okla. Cr. 432, 107 P. 2d 366; Matthews v. State, 67 Okla. Cr. 203, 93 P. 2d 549; Young v. State, 71 Okla. Cr. 112, 108 P. 2d 1028; Edwards v. State, 83 Okla. Cr. 340, 177 P. 2d 143. These cases are distinguishable from the case at bar and therefore are not in point; therein the facts supposed the commission of an offense in the officers' presence. From the foregoing evidence herein, it clearly appears that neither of the officers who testified knew what they saw from the street was whiskey. This conclusion is borne out first by the fact that they relied on the hearsay conclusion of Ofifcer Whisenhunt that it was whiskey (an altogether unlawful and unwarranted evidentiary premise upon which to predicate a conviction. No man would be safe from unlawful search and seizure if such a precedent was established), and, second, by the further fact that they did not know it was whiskey and, third, by the testimony of Officer Jordan to the effect that they asked the defendant what he had in the car. It would not have been necessary for the officers to have inquired what was in the car if they had known the lugs on the front seat wrapped in heavy brown paper actually contained whiskey. Furthermore, the testimony of Officer Jordan to the effect that he could see the necks of the fifths is reduced to an absurdity, for if such had been the case and with the door wide open as the officers testified it was, they would have seen the Government stamps thereon, hence, it would not have been necessary to have inquired what was in the car, for by their knowl-edge and experience they would have recognized from the unbroken Government stamps that the contents of the bottles was whiskey. Moreover, if they were all in lugs, three fifths to the lug, and 6 pints to the lug, covered with brown paper, as they testified, then of course they could not have absolutely known what they saw was whiskey, regardless of however strong may have been their sus-picion. Then, too, with the car facing east as the officers testified it was as they drove north, parked as they said at a slight angle to the southeast and if the lugs of whiskey sitting on the front seat, even right out on the edge, it would have been impossible for them to determine from the street that what they saw was whiskey. Even, as it was impossible for them to determine what they were looking at was whiskey, when they came alongside of the car and asked the defendant what was in the car. It is apparent what the officers knew was this, that a bootlegger lived there and the very sight of his car aroused their suspicions and they determined to go upon his premises even as trespassers without a search warrant, where they had the conversation with the defendant as hereinbefore related and thereafter searching the automobile found the liquor. It conclusively appears from the evidence the whole transaction was based on suspicion and not on the fact of an offense being committed in their presence. In Evans v. State, 71 Okla. Cr. 239, 110 P. 2d 621, this court said:

"An automobile is not such an agency that officers may search it at any time or place merely because they have suspicion that liquor is stored therein."

See, also, Combest v. State, 51 Okla. Cr. 38, 299 P. 920. In Hoppes v. State, 70 Okla. Cr. 179, 105 P. 2d 433, 437, where the officers discovered in the defendant's car bottles wrapped in heavy brown paper, this court said:

"It has been repeatedly held by this court that, where the offense is not a felony, an officer cannot arrest without a warrant unless the offense was committed or attempted in his presence, and that where the officer does not know of the act constituting the offense, it is not committed in his presence. Morris v. State, 66 Okla. Cr. 384, 92 P. 2d 609; Leary v. State, 61 Okla. Cr. 298, 67 P. 2d 972; Wallace v. State, 49 Okla. Cr. 281, 294 P. 198; Coffey v. State, 38 Okla. Cr. 91,. 258 P. 923; Whitford v. State, 35 Okla. Cr. 22, 247 P. 424; Graham v. State, 31 Okla. Cr. 125, 237 P. 462; Crossman v. State, 28 Okla. Cr. 198, 230 P. 291.

"In Bowen v. State, 50 Okla. Cr. 36, 295 P. 623, this court held: 'A search of an automobile without a search warrant and not as an incident of a legal arrest, not upon any probable cause of the commission of a felony, but upon a mere suspicion, is in violation of article 2, § 30, State Const., Okla. St. Ann., and evidence obtained by such a search is inadmissible.'

"In the case of Lamb v. State, 59 Okla. Cr. 360, 60 P. 2d 219, this court held: 'The search of the car without a warrant of arrest or search warrant, or knowledge by the officer that it contained whiskey, held illegal, and evidence should be excluded upon timely objection.'

"In Thomas v. State, 32 Okla. Cr. 57, 240 P. 133, it is said: 'In a prosecution for transporting intoxicating liquor, evidence, obtained by search of defendant's. automobile without a search warrant, held inadmissible, in view of Const. art. 2, § 30.'

"In Hamner v. State, 44 Okla. Cr. 209, 280 P. 475, this court held: 'Where a conviction is based solely upon evidence obtained by an unreasonable search and seizure, admitted over timely objections and exceptions, the judgment will be reversed.' " Huffman v. State, 38 Okla. Cr. 307, 260 P. 782.

For an extended discussion on the right of an officer to conduct a search without a warrant, see Keith v. State, 30 Okla. Cr. 168, 235 P. 631; Smith v. State, 48 Okla. Cr. 115, 289 P. 792; Ingraham v. State, 48 Okla. Cr. 178, 290 P. 344; Washington v. State, 60 Okla. Cr. 316, 64 P. 2d 926; Ketcham v. State, 63 Okla. Cr. 428, 75 P. 2d 1159, and numerous other cases in regard thereto. For cases bearing marked similarity to the case at bar, see Reininger v. State, 59 Okla. Cr. 406, 60 P. 2d 629, where the officers admitted they went to the defendant's home and drove into his yard and up near his house and that they had no warrant for his arrest or to search his premises or his car. Also, see Padgett v. State, 90 Okla. Cr. 269, 213 P. 2d 580, where the defendant was on his leased premises where he had a right to be and his automobile was parked thereon. In both the last-cited cases the search was without a warrant and was held to be unlawful. In the case at bar it clearly appears that the liquor herein involved was obtained by an unlawful search and seizure. The evidence herein was of such character that the trial court erred in refusing the defendant's motion to suppress the evidence. It will therefore not be necessary for us to consider the other question raised by the defendant. For the foregoing reasons this case is accordingly reversed with directions to dismiss.

JONES and POWELL, JJ., concur.