Houston Donald **HARRELL**, Plaintiff in Error,

v.

The **STATE** of Oklahoma, Defendant in Error.

No. A–13271.

Court of Criminal Appeals of Oklahoma.

Feb. 13, 1963.

Paul R. Haunstein, Enid, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Ollie G. Gleason, County Atty., Major County, for defendant in error.

BUSSEY, Presiding Judge.

This is an appeal from the District Court of Major County wherein the defendant, Houston Donald Harrell, was charged by information with Burglary in the Second Degree; tried by jury who returned a verdict of Guilty; and, from the judgment and sentence of the Court, pronounced in accordance with the jury's verdict, fixing his punishment at two years in the State Penitentiary, he appeals.

 This case must be reversed and remanded, for from the record it appears that the only evidence, other than the testimony of defendant's two accomplices, connecting him with the burglary for which he was tried, was a television set taken from the burglarized premises and obtained from the accused's automobile in an illegal search and seizure.

Briefly, the facts which give rise to said search and seizure are that on the 26th day of February, 1962, Dale Orndorff, Guthrie police officer, received a call from Cook's Second Hand Store in that city. Arriving at the store, he observed the defendant and another man (identified as Lewis Jr. Adams) in the back of the store standing beside some tools and talking with the store's owner. The officer questioned the defendant briefly, and then asked the defendant and his accomplice to accompany him to the police station in order to substantiate their story. He later returned with Charles Noble, Chief of Police, to check the defendant's car, parked in the vicinity of the store in which defendant was taken into custody. Upon seeing a television set on the back seat of the automobile, the officers took the car to the police station and removed the television set and other merchandise from the inside and the trunk of the car. After further investigation, the instant charges were filed against the accused.

The evidence further discloses that no search warrant was ever issued for defendant's vehicle; nor, does it disclose that he ever consented to the search conducted by the officers.

It can readily be observed from the facts, as above set forth, that the search and seizure which yielded the television set was not incident to the arrest of the accused, but occurred subsequent to his arrest and detention, and that at the time the officers conducted the search and seizure they were not aware that a burglary had been committed, nor that the television set was the fruit of said burglary. Article 2, § 30 of the Oklahoma Constitution protects the right of the citizen from illegal search and seizure and provides:

"The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures shall not be violated * * *."

In construing this constitutional provision, this Court has repeatedly held that evidence obtained by an illegal search and seizure is not admissible when proper objections are interposed and exceptions taken to the ruling of the Court, and constitutes error. See, Bates v. State, Okl.Cr., 251 P. 2d 810; Beaty v. State, 35 Okl.Cr. 217, 249 P. 973; Shockley v. State, Okl.Cr., 251 P. 514.

It thus appearing that the corroborative evidence connecting the accused with the commission of the crime was obtained by virtue of an illegal search and seizure, it necessarily follows that the admission of such evidence, over the defendant's objection violates the well established exclusionary rule and resulted in a verdict not supported by the law and evidence.

Title 22, § 742, provides:

"A conviction cannot be had upon the testimony of an accomplice unless he be corroborated by such other evidence as tends to connect the defendant with the commission of the offense, and the corroboration is not sufficient if it

merely show the commission of the offense or the circumstances thereof."

If sufficient corroborate evidence can be introduced on a re-trial of this issue, the same should be again presented to a jury for their determination. If, however, no further evidence can be adduced tending to corroborate the testimony of the accomplices, this cause should be dismissed.

From the facts in the record before us, and in view of the authorities cited herein, we are of the opinion that this cause should be and the same is, reversed and remanded for further proceedings not inconsistent with this opinion.

NIX, J., concurs.

JOHNSON, J., not·participating.